509 P.2d 198

STATE of Arizona, Appellee,

v.

Joe Angel JIMINEZ and Troy Killinger,
Appellants.

No. 2452.

Supreme Court of Arizona,
In Division.

April 25, 1973.

————◆————

Gary K. Nelson, Atty. Gen., Phoenix,
John S. O'Dowd, Asst. Atty. Gen., Tucson,
James P. F. Egbert, Certified Univ. of
Ariz. Third Year Law Student. Under
Rule 28(e), Tucson, for appellee.

Richardson, Mortensen & Greenhalgh by
Ronald J. Greenhalgh and Irval. L. Morten-
sen, Safford, for appellants.

LOCKWOOD, Justice:

This is an appeal from the judgment and
conviction of the defendants after a trans-
ferral from the juvenile court to the crimi-
nal court of Pinal County.

The juvenile court hearing was held on
September 7, 1971 at which time the juve-
niles were represented by their court-ap-
pointed attorney, Ronald J. Greenhalgh.
They were charged with aggravated bat-

tery, robbery, and grand theft, auto. In an attempted escape from Fort Grant they had assaulted and battered their guard, stole his watch, his car keys and his car. At this time the defendant Joe Angel Jiminez was 17 and Troy Killinger was 16. Both had been in Fort Grant twice, and were likely to have been endorsed for parole in September of 1971.

The record indicates that the county attorney filed an information in the Superior Court on October 12, 1971 against both defendants (and others not here concerned) charging each of them in three counts with the crimes of aggravated battery, robbery and grand theft, auto. On pleas of not guilty on the part of each, the matter was continued to October 18, 1971. All were represented by counsel.

On October 18th the defendants pursuant to a plea bargain arrangement, withdrew their pleas and pled guilty to count three, grand theft, auto. The judge found each guilty and sentenced him to not less than three nor more than four years, whereupon the other charges were dismissed.

The court informed each of the defendants of his right to appeal and of his right to have an attorney appointed for him. On December 9th the defendants filed notice of appeal from the conviction and sentence in propria personam. On December 10, 1971 the judge appointed counsel for the appeal.

On July 19, 1972 defendants' attorney filed his opening brief. On August 18th the state filed its answering brief. There the matter rested until January 15, 1973 when it was argued and submitted for decision. The only errors claimed are (1) the Juvenile Code contains no provision authorizing the juvenile court to waive jurisdiction and remand the child to adult court for original prosecution and (2) the juvenile court abused its discretion in waiving jurisdiction; and (3) the juvenile court judge failed to comply with the proper procedures for waiving jurisdiction.

■ It has frequently been held that the juvenile court has the power to waive its jurisdiction to hold a child under the age of 18 years and to remand him for trial in the adult criminal court. Application of Vigileos v. State, 84 Ariz. 404, 330 P.2d 116 (1958).

Upon examination of the record in the juvenile court, it appears that the defendants were afforded every right under the juvenile court rules.

■ The Superior Court has exclusive original jurisdiction in all proceedings and matters affecting incorrigible or delinquent children or children accused of crime, under the age of 18 years. The judges of the juvenile court are empowered in their discretion to suspend criminal prosecution of such children. Art. 6, § 15. Conversely, the judges may refuse to suspend criminal prosecution of any such child, in which event he will be prosecuted in the criminal court as an adult. Such a waiver of jurisdiction is commonly referred to as a remand to the adult court.

The legislature has recognized the possibility of a delinquent child being released from the juvenile court for trial in the adult criminal court under A.R.S. § 8-207, subsec. C, as added 1970. It has provided for an appeal to the Court of Appeals under A.R.S. § 8-236 as amended 1970. Procedural rules were promulgated by this Court, which were also effective in 1970.

Since the appeal is based on the jurisdiction of the juvenile court, we have examined the entire record of the juvenile proceedings.

The minutes of the juvenile court proceedings show that the several hearings held were in accordance with juvenile court proceedings, that each of the defendants was permitted to testify and that each was informed of his right to have an attorney appointed for him. The record of each of the juveniles was read, showing that each had a long record of delinquency.

Defendant Killinger's record began at age 14 years, showing petty theft, runa-

way, disturbing the peace, curfew, fighting, joy riding, malicious mischief, passing contraband. Defendant Jiminez' record shows theft of a vehicle, curfew, assault with deadly weapon, armed robbery and grand theft, auto. These delinquent acts dated back to age sixteen. In addition to these delinquencies, both had been committed to the Industrial School twice.

After several brief hearings, a transfer hearing was conducted in the Juvenile Court of Graham County. There were several juveniles concerned and the matters were consolidated for the hearing. Notices were given to the parents, and an attorney appointed in conformity with their wishes.

The juveniles admitted the acts with which they were charged. At the end of the hearing, the judge made the following order:

"ORDER BY THE COURT that the record show that for all four of the Juveniles, JOE ANGEL JIMINEZ, TROY KILLINGER, ERNESTO COLOREZ and ROBERT CHARLES BLACK-CLOUD, the Court finds that for the best interest as individuals and the best interest of the State of Arizona can best be served by the said Juveniles to be hereinafter remanded to adult Court for prosecution as adults."

The minutes of the court indicate that the procedure was properly conducted up to the point when the Judge of the Juvenile Court made disposition. The minutes of the Juvenile Court give no indication that the court complied with Rule 14 Rules of Procedure for the Juvenile Court, 17 A.R.S., by stating the reasons for the transfer by minute entry or written order.

The rule provides that:

Rule 14. Transfer Hearing; Order

"(a) * * *

"(b) The court may transfer the action for criminal prosecution to the appropriate court having jurisdiction of the offense if the court finds probable cause and reasonable grounds to believe that:

"(1) The child is not amenable to treatment or rehabilitation as a delinquent child through available facilities; and

"(2) The child is not commitable to an institution for mentally deficient, mentally defective or mentally ill persons; and

"(3) The safety or interest of the public requires that the child be transferred for criminal prosecution.

"(c) Upon such transfer the juvenile court shall state the reasons therefor by minute entry or written order and the child shall thereupon be transferred to the custody of an appropriate law enforcement officer, released on bail, if the offense is bailable, or released upon his own recognizance."

Therefore, the order remanding the juveniles to the adult criminal court would be ineffective in ordinary circumstances.

But the jurisdiction of the Juvenile Court ceases after an individual has reached his 18th birthday. In this case defendant Jiminez has attained this age, defendant Killinger is within two months of doing so. Therefore to send them back for a due process hearing and the proper juvenile court order would be a futile gesture for the Juvenile Court would have lost jurisdiction.

Since the Juvenile Court had sufficient facts before it to make a finding justifying the remand, which facts appear fully in the record, we will not order the case reversed for an error which could not be corrected at this time. The record will supply the proper finding of the court.

Judgment affirmed.

HAYS, C. J., and CAMERON, V. C. J., concur.