523 P.2d 65
In the Matter of MARICOPA COUNTY, JUVENILE ACTION NO. J–73355.

No. 11172–PR–2.

Supreme Court of Arizona,
En Banc.

June 6, 1974.

Ross P. Lee by Anne Kappes, Phoenix, for appellant.

Moise Berger by C. O. Lamp, Phoenix, for appellee.

HAYS, Chief Justice:

We heretofore vacated the order of the Court of Appeals and transferred the appeal to the Supreme Court for further proceedings In the Matter of Maricopa County Juvenile Action No. J–73355, 110 Ariz. 207, 516 P.2d 580 (1973).

Before us now we have the issue as to what warnings or explanations shall be given to a juvenile who appears before the court in transfer hearing and with counsel waives a finding of probable cause. The petition before the juvenile court alleged that the juvenile had stolen a considerable sum of money, as well as other property, from his father. He was 17 years old at the time. The public defender was appointed to represent the juvenile in view of the obvious conflict of interest with his father.

Rules 12, 13 and 14 of the Rules of Procedure for the Juvenile Court, 17A A. R.S., set forth the transfer procedure. Appellant in effect urges that in this situation Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 38 L.Ed.2d 274 (1969), should be applied to the transfer hearing, as well as requiring the court to explain the detailed implications of felony prosecution as an adult. We do not agree.

Waiver of a finding of probable cause is not an admission of guilt, nor can it be used against the juvenile in subse-

**38**

quent proceedings. The transfer hearing in regard to the finding of probable cause is likened to a preliminary hearing which can be waived without reference to Boykin, *supra*. This point has been ruled upon by the Court of Appeals. In the Matter of the Appeal in Maricopa County, Juvenile Action No. J–72804, 18 Ariz.App. 560, 504 P.2d 501 (1973), review denied January 9, 1973.

The action of the juvenile court in transferring the juvenile for criminal prosecution as an adult is affirmed and the stay of such proceedings heretofore entered is vacated.

CAMERON, V. C. J., and STRUCKMEYER, LOCKWOOD, and HOLOHAN, JJ., concur.