545 P.2d 925

**STATE of Arizona, Appellee,**

v.

**James Edward THOMPSON, Appellant.**

No. 3081.

Supreme Court of Arizona,
In Banc.

Feb. 10, 1976.

Rehearing Denied March 9, 1976.

———◆———

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, and Frank T. Galati, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by John Foreman, Deputy Public Defender, Phoenix, for appellant.

HOLOHAN, Justice.

James Edward Thompson, appellant, pled guilty to charges of armed robbery and burglary, second degree, for which he was sentenced to confinement in the state penitentiary. This appeal followed.

Appellant challenges his conviction contending that his case was improperly remanded from juvenile court to superior court, and that it was not established that he was competent to plead guilty.

Appellant was arrested and charged with armed robbery, assault with a deadly weapon, burglary and theft of a motor vehicle. After a criminal complaint was filed it was discovered that appellant was 17 years of age. The cause was ordered transferred to the juvenile court pursuant to A.R.S. § 8–222. A delinquency petition was filed alleging the commission of the same offenses set out in the criminal complaint. Counsel was appointed for appellant and a hearing was set to determine whether appellant should be transferred to adult court.

At the transfer hearing the juvenile through his counsel waived establishment of probable cause by evidence, and the hearing proceeded on the issue of whether the appellant should be prosecuted as an adult. After full hearing the juvenile court ordered appellant transferred to adult authority for appropriate criminal prosecution.

The same original charges were filed against appellant, and ultimately an information containing the charges was filed in the superior court. Appellant pled not guilty and requested a mental examination. The trial court granted the motion, appointed psychiatrists to examine appellant and report their findings.

The psychiatrists examined appellant, found him competent and reported their findings to the trial court. A hearing was held at which counsel for state and appellant agreed to submit the issue of competency on the reports. The trial court found the appellant competent to understand the charges and assist in his own defense.

Plea negotiations ensued which resulted in an agreement for the appellant to enter a plea of guilty to Count I (armed robbery) and Count III (burglary). The prosecutor agreed to dismiss Count II (assault with a deadly weapon) and Count IV (theft of a motor vehicle). The defendant, his attorney and the prosecutor signed a plea agreement which was duly filed. The defendant changed his plea to guilty in open court. Prior to the acceptance of the plea, the trial court advised appellant of his constitutional rights, informed him of the possible sentence that could be imposed, and determined that the plea was voluntary. The trial court accepted the plea of guilty. The prosecutor fulfilled his portion of the plea agreement by dismissing Count II; Count IV had previously been dismissed by the justice court. Subsequently the trial court sentenced appellant to confinement.

Appellant contends that the trial court did not have jurisdiction to accept his guilty plea because the remand from the juvenile court to adult court was improper.

Appellant argues that the juvenile court, in the transfer hearing, did not establish that there was probable cause to believe that he committed the offenses alleged, which omission nullifies the remand procedure and deprives the superior court of jurisdiction to accept the guilty pleas. The contention is without merit. Appellant's waiver of evidence to establish probable cause is specifically provided for in the Rules of Procedure for Juvenile Court, Rule 14. This Court has held that a juvenile, aided by counsel, may waive a finding of probable cause. *In Re Maricopa County, Juvenile Action No. J–73355*, 111 Ariz. 37, 523 P.2d 65 (1974). Since the waiver of a finding of probable cause was proper, the action of the juvenile court in transferring the matter to adult court was authorized.

■ Appellant's last contention is that the trial court erred in not making a determination of appellant's mental capacity before accepting a plea of guilty. The standards applicable to this issue were set forth in some detail in *State v. Contreras*, 112 Ariz. 358, 542 P.2d 17 (1975). If a defendant is found competent to stand trial, a specific determination of competency to plea guilty need not be made in every case. *State v. Young*, 112 Ariz. 361, 542 P.2d 20 (1975). In certain circumstances there must be a proceeding in addition to a hearing on the issue of competency to stand trial before the trial court may find the plea to be intelligently made. *State v. Contreras, supra.* The usual circumstance which would compel a separate inquiry into the question of competency to plead guilty would be something in the record or evidence offered by the defense which would indicate a real doubt of the defendant's competency to make a reasoned choice among alternatives.

■ Counsel for appellant contends that the record contains material which would raise a substantial doubt concerning the mental competence of appellant. Our attention is directed to the report of the consulting psychologist for the juvenile court in which appellant is described as having a "schizoid personality." Counsel also points out that appellant was only 17 at the time of the plea. We have reviewed the record in juvenile court and in superior court to determine whether there is any substantial question of appellant's mental capacity to make an intelligent plea. We find no such question; in fact the record supports the conclusion that appellant was competent to make an intelligent plea.

■ The appellant was examined by three different psychiatrists in addition to the psychological examination referred to by counsel. All of the examiners independently conclude that appellant has a "schizoid personality," but this label does not mean that appellant is unable to make competent choices. The examining psychiatrist for juvenile court advised that court that "this boy be treated as an adult because he acts as an adult and thinks as an adult . . . ." The psychiatrists appointed by the superior court both agreed that appellant's mental condition would not substantially impair his ability to make a competent decision concerning the waiver of constitutional rights, and that appellant had a rational, as well as factual, understanding of the consequences of entering a plea of guilty. The trial judge who accepted the plea was the same one who held the competency hearing, so there is no question that the trial judge was familiar with the reports of the two psychiatrists appointed by the superior court. With this background there was no need for a separate consideration of competency at the time of the plea of guilty, and there is nothing in the juvenile court file which suggests any contrary conclusion.

Affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concurring.