**Robert A. TROMBLEY,**
**Petitioner-Appellant,**

v.

**Charles ANDERSON, Warden,**
**Respondent-Appellee.**

No. 78–1006.

United States Court of Appeals,
Sixth Circuit.

Argued June 23, 1978.

Decided Oct. 6, 1978.

Rehearing Denied Nov. 14, 1978.

Carl Ziemba, Detroit, Mich., for petitioner-appellant.

Frank J. Kelley, Atty. Gen. of Michigan, Robert A. Derengoski, Sol. Gen., Thomas L. Casey, Asst. Atty. Gen., Lansing, Mich., for respondent-appellee.

Before MERRITT, Circuit Judge and CECIL and PECK, Senior Judges.

MERRITT, Circuit Judge.

The appellant, Robert A. Trombley, petitioned the District Court for a writ of habeas corpus. He attacks his state court conviction for murder in the first degree in Detroit, Wayne County, Michigan, in 1963, when he was sixteen years old. He received a life sentence without eligibility for parole.

Trombley entered a plea of guilty to murder, a so-called "open" or special plea under Michigan law. He then requested the state trial court to conduct an evidentiary hearing under Michigan's special procedural rules to determine whether his conduct constituted murder in the first degree, requiring premeditation, or murder in the second degree, which under Michigan law includes all other kinds of murder. The state trial judge conducted a four day hearing and determined that Trombley's conduct constituted murder in the first degree.

On the petition for writ of habeas corpus in the Federal District Court below, Judge Feikens did not conduct an evidentiary hearing because he had available the record of the state proceedings including the four day hearing. Based on the record in the state court proceedings, the District Court denied the petition. We affirm.

## I.

■ Trombley first argues that he is entitled to release because he was denied the assistance of counsel at his juvenile hearing in 1963 where he was transferred to state criminal court to stand trial as an adult on the murder charge. He claims that the state's failure to provide him with counsel at the juvenile transfer hearing in 1963 violates his sixth amendment right to counsel, as later interpreted by the Supreme Court in *Kent v. United States,* 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966). Even if we applied *Kent* retroactively, a question which we do not decide on this appeal, we are not authorized to issue the writ on this ground because Trombley thereafter entered a plea of guilty in adult court. In *Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1972) the Supreme Court held:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Id.* at 267, 93 S.Ct. at 1608.

The failure to provide counsel at the juvenile transfer hearing in 1963 did not deprive the adult court of jurisdiction to try Trombley for murder. His reliance on *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974) is therefore misplaced. *Cf. Canary v. Bland,* 583 F.2d 887, 891–895 (6th Cir. 1978) (Merritt, J. concurring).

## II.

■ The petitioner's second argument is that the state court at his hearing in 1963 failed to insure that his guilty plea was entered with knowledge of the meaning of the charge against him. The record does not support this argument. There was convincing evidence throughout the four day hearing that Trombley understood that the

whole purpose of the hearing was to determine under Michigan procedural rules whether he should be found guilty upon his guilty plea merely of murder in the second degree or of the more serious offense of murder in the first degree. The entire focus of the court, the prosecutor and defense counsel was on the question of whether the element of premeditation was satisfied. The court read the murder statutes to Trombley, and both Trombley and his counsel represented to the court that they had discussed the charges and understood the nature of the charges, the consequences of a plea of guilty and the purpose of the hearing. Petitioner's reliance upon Rule 11 of the Federal Rules of Criminal Procedure is misplaced; it does not govern state court procedures in Michigan. Likewise, his reliance on *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) is misplaced.

### III.

Neither does the record support petitioner's third argument that there was not sufficient evidence introduced at the four day hearing to support a finding of premeditated murder. Petitioner concedes that he went to the house of his next door neighbor, a lady school teacher 55 years of age, ostensibly for the purpose of borrowing the telephone. When she refused his request to borrow her car that night, he brutally strangled her with a belt and then drowned her in a bath tub in her home. He straightened up the house after the killing, removed his finger prints, stole money from her purse and stole some articles of jewelry, her car keys and her car. The testimony of petitioner's friends and associates who observed him before and after the killing, petitioner's own confession of guilt given to police officers a short time after the killing, the circumstances at the scene of the murder, and the psychiatric evidence introduced all support the finding of premeditation reached by the trial judge.

### IV.

Petitioner's fourth argument that he was deprived of the effective assistance of counsel at his state court trial is likewise without merit. Faced with overwhelming evidence of guilt, trial counsel competently defended petitioner. Our independent review of the record confirms the district court's conclusion that petitioner was not "deprived of rudimentary legal assistance," *Chambers v. Maroney*, 399 U.S. 42, 60, 90 S.Ct. 1975, 26 L.E.2d 419 (1970) (Harlan J. concurring), and that counsel's performance was " 'well within the range of competence demanded of attorneys in criminal cases.' " *United States v. Yelardy*, 567 F.2d 863, 866 (6th Cir. 1978), *quoting McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).

Accordingly, the judgment of District Judge Feikens denying the petition for a writ of habeas corpus is affirmed.