**Roy Louis RODRIGUEZ, Petitioner-Appellant,**

v.

**James R. RICKETTS, et al., Respondents-Appellees.**

No. 84–2102.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 8, 1985.

Submission Vacated May 1, 1985.

Resubmitted Aug. 9, 1985.

Decided Sept. 2, 1986.

Roy Louis Rodriguez, Florence, Ariz., Richard Brent Jones, Phoenix, Ariz., for petitioner-appellant.

Linda A. Akers, Asst. Atty. Gen., William J. Schaffer, III, Phoenix, Ariz., for respondents-appellees.

Before MERRILL, CANBY, and NORRIS, Circuit Judges.

NORRIS, Circuit Judge:

The Memorandum decision filed on October 29, 1985 is hereby withdrawn.

At the age of 17, appellant Roy Louis Rodriguez was charged in Yuma County Juvenile Court with murder and aggravated battery. Following a juvenile transfer hearing at which Rodriguez was represented by counsel, the juvenile court ordered that he be transferred to Yuma County Superior Court to be tried as an adult. No appeal from the transfer order was taken.

In Superior Court, Rodriguez entered a counseled plea of guilty to second-degree murder and assault with a deadly weapon. He was sentenced to serve a term of not less than 45 nor more than 75 years in Arizona State Prison on the murder count and not less than 5 nor more than 10 years on the assault count. His conviction was upheld on appeal when the Arizona Supreme Court rejected his claim that his guilty plea was not intelligently, knowingly and voluntarily made. *State v. Nunez*, 109 Ariz. 408, 411–12, 510 P.2d 380, 383–84 (1973).

After exhausting his post-conviction remedies in the Arizona state courts, Rodriguez filed in the United States District Court for Arizona the petition for habeas corpus at issue in this appeal. 28 U.S.C. § 2253 (1982). The petition challenged his conviction and sentence on a number of grounds, including alleged defects in his transfer from juvenile court and ineffective assistance of counsel at his guilty plea, at sentencing and on appeal. He appeals the district court's dismissal of his petition, invoking this court's jurisdiction under 28 U.S.C. § 1291.

I

Rodriguez claims that his juvenile transfer proceedings were infected by a number of constitutional errors. The district court

ruled that the alleged defects in the transfer proceedings were waived by his guilty plea in superior court. Judge Muecke reasoned:

> In the first place, the state superior court always had original jurisdiction over this felony matter, Ariz. Const., art. 6, § 14(4); the decision whether to try Petitioner in superior court or in juvenile court, which is a division of superior court, A.R.S. § 8–201(14), does not go "to the very power of the State to bring the defendant into court to answer the charge brought against him," *Blackledge v. Perry*, 417 U.S. 21, 30, 94 S.Ct. 2098, 2103 (1974) [, 40 L.Ed.2d 628], and thus does not raise a jurisdictional question. Secondly, relevant case law supports the Magistrate's analysis, *see Harris v. Procunier*, 498 F.2d 576, 579 (9th Cir.) (en banc), *cert. denied*, 419 U.S. 970 [, 95 S.Ct. 235, 42 L.Ed.2d 186] (1974); *Trombley v. Anderson*, 439 F.Supp. 1250, 1252 (E.D.Mich.1977), *aff'd*, 584 F.2d 807, 808 (6th Cir.1978); *see also Federal Habeas Corpus in State Guilty Pleas*, 71 F.R.D. 235, 301–02 (1976) ("certifying or waiving of juveniles over to felony trial court from juvenile court find 'irregularities' in the juvenile proceeding ceded by a subsequent felony plea in the adult court") [sic].

While cases cited by Petitioner in support of his theory that the juvenile court transfer proceeding is jurisdictional in nature do speak of a "waiver of jurisdiction" by the juvenile court, *see, e.g., State v. Jimenez* [Jiminez], 109 Ariz. 305, 306, 509 P.2d 198, 199 (1973), that "jurisdiction" stems from a discretionary decision by a juvenile court judge to suspend criminal prosecution of children under the age of eighteen and try the youth as a juvenile rather than as an adult, Ariz. Const., art. 6, § 15. It is *not* jurisdictional in the *Blackledge v. Perry, supra,* sense.

We agree with Judge Muecke's analysis. We specifically held in *Harris v. Procunier*, 498 F.2d 576, 579 (9th Cir.) (en banc), *cert. denied*, 419 U.S. 970, 95 S.Ct. 235, 42 L.Ed.2d 186 (1974), that a guilty plea in adult court waives defects in a juvenile fitness hearing. Rodriguez invites us to reexamine *Harris* in light of *Blackledge.*[1] We decline to do so because we agree with Judge Muecke that the alleged deficiencies in Rodriguez's transfer proceedings do not go "to the very power of the State to bring the defendant into court." *Blackledge*, 417 U.S. at 30, 94 S.Ct. at 2103. Moreover, our court has reaffirmed *Harris* subsequent to the Supreme Court's holding in *Blackledge. See Saunders v. Eyman*, 600 F.2d 728, 729 (9th Cir.1977) (*Blackledge* not discussed).

Rodriguez argues that even if *Harris* is still good law, he should not be foreclosed from pursuing his constitutional claims because Arizona law would allow him to plead guilty without forgoing his right to challenge the juvenile transfer. Rodriguez is correct that, as long as the state permits a constitutional claim to survive a guilty plea, such claim can be reviewed in federal habeas proceedings. *See Lefkowitz v. Newsome*, 420 U.S. 283, 293, 95 S.Ct. 886, 891, 43 L.Ed.2d 196 (1975). We are unpersuaded, however, that under Arizona law a guilty plea in superior court does not waive defects in a juvenile transfer proceeding. In *In re Maricopa County, Juvenile Action No. J–73355*, 110 Ariz. 207, 516 P.2d 580 (1973), the Arizona Supreme Court held that a juvenile who had not been informed of his right to appeal a transfer order could seek a delayed appeal, providing he did so prior to the time he is held to answer in adult court or is indicted. 110 Ariz. 207, 516 P.2d at 582.

Like the juvenile in *Maricopa County*, Rodriguez claims he was not notified of his right to appeal the transfer order.[2] If, as

---

**1.** It is settled law in this circuit that "[w]here ... a Supreme Court decision has effectively undermined prior Ninth Circuit precedent, we are free to reexamine those earlier cases to determine their continuing validity." *Heath v.* *Cleary,* 708 F.2d 1376, 1378 n. 2 (9th Cir.1983) (citing *LeVick v. Skaggs Cos., Inc.,* 701 F.2d 777, 778 (9th Cir.1983)).

**2.** We note that, unlike the juvenile in *Maricopa County,* Rodriguez was represented by counsel

*Maricopa County* holds, a juvenile cannot complain that he was not informed of his right to appeal once he is held to answer in superior court, *a fortiori* he cannot complain after he has entered a guilty plea.[3] Thus we must reject Rodriguez's argument that under Arizona law a guilty plea does not constitute a waiver of alleged defects in the juvenile transfer proceeding.[4]

## II

Rodriguez also claims that his Sixth Amendment rights were violated because he was denied effective assistance of counsel at the guilty plea, sentencing, and appellate stages of the state court proceedings. To succeed on an ineffective assistance of counsel claim, Rodriguez must show both that his counsel's performance fell below objective standards of reasonableness and that he suffered prejudice because there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

██ We need not decide whether any of Rodriguez's claims meets the first prong of the *Strickland* test because he fails to make any showing that there is any likelihood that he was prejudiced by any of the alleged deficiencies of his attorneys. *Hill v. Lockhart*, — U.S. —, 106 S.Ct. 366, 371, 88 L.Ed.2d 203 (1985).[5] For example, the guilty plea was entered pursuant to a plea bargain that assured him that he would not get the death penalty. Rodriguez also argues that his counsel at sentencing failed to offer mitigating factors, but does not suggest a single mitigating factor in his favor. Finally, Rodriguez's claim of ineffective representation on appeal arises out of the joint representation of him and his uncle by one lawyer, but he fails to identify any actual or potential conflict in the joint representation.

## III

██ Rodriguez also argues that his counseled guilty plea was improperly accepted. First, he contends that either the court should have *sua sponte* held a competency hearing, or that new evidence shows that he was not competent when he pled guilty. We disagree. There was nothing before the trial court suggesting a prior indication of incompetency. The only new evidence suggested by Rodriguez is the reversal of his conviction on another charge a year later on the ground that there was an inadequate basis for a finding of competency to stand trial at that time. Yet there was no new evidence pertaining to Rodriguez's competence at the time of

---

throughout the juvenile transfer proceeding. Possibly, Rodriguez's counsel decided there was no basis for arguing on appeal that the juvenile judge abused his discretion in transferring Rodriguez to superior court. The right to decide whether to appeal or not was, however, Rodriguez's.

3. Rodriguez cites cases in which Arizona courts addressed the merits of a defendant's challenge to a transfer despite his guilty plea. *See, e.g., State v. Thompson*, 113 Ariz. 1, 545 P.2d 925 (1976) (en banc); *State v. Jiminez*, 109 Ariz. 305, 509 P.2d 198 (1973). In those cases, however, the court did not address the waiver issue as the Arizona Supreme Court did in *Maricopa County*.

4. The claim that he was not informed of his right to appeal the transfer order is the most substantial of the claimed defects in Rodriguez's transfer proceeding. The others are that the hearing notice was incomplete, counsel at the transfer hearing was ineffective, and the transfer order failed to contain accurate and specific findings. We have no difficulty concluding that these claimed defects were waived by his guilty plea.

5. *Strickland* involved a claim of ineffective assistance of counsel at the trial and sentencing stages of a criminal proceeding. This circuit has already applied *Strickland*'s two-part test to various stages of criminal proceedings. *See, e.g., Marrow v. United States*, 772 F.2d 525, 529 (9th Cir.1985) (failure to advise client of right to appeal a conviction after a guilty plea); *Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir.) (failure to press issue of absence of recorded ruling for competency hearing), *cert. denied*, — U.S. —, 106 S.Ct. 860, 88 L.Ed.2d 899 (1986); *United States v. Redd*, 759 F.2d 699, 701 (9th Cir. 1985) (failure to raise issues at probation hearing); *Guam v. Santos*, 741 F.2d 1167, 1169 (9th Cir.1984) (per curiam) (failure to raise issues on appeal).

the guilty plea in this case. Second, Rodriguez contends that his guilty plea was accepted in violation of *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). But *Boykin* does not require the state court to enumerate all of the rights a defendant waives as long as the record indicates that the plea was entered voluntarily and understandingly. *United States v. Freed,* 703 F.2d 394, 395 (9th Cir.), *cert. denied,* 464 U.S. 839, 104 S.Ct. 131, 78 L.Ed.2d 126 (1983). A review of the record convinces us that Rodriguez voluntarily and understandingly entered the plea and that the trial court complied with the *Boykin* requirements.

## IV

Rodriguez's complaints regarding his sentence are meritless. There is no record support for his claim that the state breached the plea bargain agreement by raising at sentencing his use of a gun. Moreover, the record shows that the sentencing judge considered all the facts and circumstances surrounding the crime as well as Rodriguez's background, and that the sentence was within the statutory limits.

AFFIRMED.

MERRILL, Circuit Judge, concurring:

I concur in Judge Norris' opinion. I also concur in Judge Canby's opinion in its reliance on *Jiminez.* In my view, we have two perfectly valid alternative grounds for denying the writ.

CANBY, Circuit Judge, concurring:

I agree with all of Judge Norris' opinion except that part which concludes that Arizona law would not permit Rodriguez to attack his transfer hearing after he pleaded guilty in adult court. It is true that in *In re Maricopa County, Juvenile Action No. J–73355,* 110 Ariz. 207, 516 P.2d 580 (1973), the Supreme Court of Arizona held that a juvenile would not be allowed to take a delayed appeal from a juvenile court's transfer order after he had answered the charge in adult court. That ruling, however, dealt only with direct appeals from

the transfer order, and it was obviously sensible to require those appeals to be brought promptly as a requirement of "the orderly administration of justice." *Id.* at 208, 516 P.2d at 582.

Such a ruling does not necessarily preclude other methods of attack on the transfer proceedings, however. I conclude that Arizona would permit such attacks because its Supreme Court has twice done so. In *State v. Jiminez,* 109 Ariz. 305, 509 P.2d 198 (1973), the Court entertained an attack on juvenile transfer proceedings in an appeal after a plea of guilty in adult court. It found the transfer proceeding to have been defective, but affirmed on another ground. In *State v. Thompson,* 113 Ariz. 1, 545 P.2d 925 (1976) (en banc), the Court similarly entertained an attack on a transfer proceeding in an appeal from a conviction in adult court after a guilty plea. The Court found the attack insufficient on its merits. While it is true that in both of these cases the issue of waiver by plea of guilty was not discussed, I find it difficult to believe that the Supreme Court of Arizona would have entertained the attacks if a plea of guilty was a waiver.

My conclusion would normally lead me into several other issues, including: whether Rodriguez waived his right collaterally to attack his transfer proceedings when he failed to do so on direct appeal from his conviction in adult court; whether ineffective assistance of counsel was involved in the failure; and whether prejudice must be shown in connection with any failure of counsel. I need not address those and other issues, however, because there is another ground upon which the district court's denial of the petition should be affirmed. It is the same ground upon which the Supreme Court of Arizona decided *Jiminez, supra,* namely, that there is now no appropriate relief available to Rodriguez.

After finding that Jiminez' attack on the transfer proceedings had merit, the Supreme Court of Arizona held:

[T]he jurisdiction of the Juvenile Court ceases after an individual has reached his 18th birthday. In this case defendant Jiminez has attained this age, defendant

Killinger is within two months of doing so. Therefore to send them back for a due process hearing and the proper juvenile court order would be a futile gesture for the Juvenile Court would have lost jurisdiction.

*Jiminez*, 109 Ariz. at 307, 509 P.2d at 200. Exactly the same problem exists in this case, but it is far more acute. At the time of supplemental briefing on this appeal, Rodriguez was 31 years old. There is no way he can be given any further hearings in juvenile court, and it is clear that he is not now an appropriate subject for juvenile corrective or rehabilitative processes. The alternative of retrial in adult court is equally inappropriate, for we have held that there was no constitutional defect in his plea of guilty or his conviction thereon. *See Harris v. Procunier*, 498 F.2d 576, 580 (9th Cir.) (en banc) (concurring opinion of Browning, J.), *cert. denied*, 419 U.S. 970, 95 S.Ct. 235, 42 L.Ed.2d 186 (1974). Nor, in light of our holding, would it be at all appropriate simply to set Rodriguez free. I therefore concur in the district court's denial of his petition for habeas corpus.