967 F.2d 586
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gregory James HOLT, Petitioner-Appellant,
v.
Wayne ESTELLE, Warden, Respondent-Appellee.
 No. 91-55796.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 1, 1992.*
Decided June 4, 1992.
 
 1
 Before D.W. NELSON and DAVID R. THOMPSON, Circuit Judges, and PANNER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Petitioner Gregory Holt pled guilty in state court to charges of burglary, rape, oral copulation and attempted sodomy. That plea agreement also reflected the fact that Holt had two prior felony convictions. Holt argues that he did not enter into the plea agreement voluntarily because he was not specifically advised in open court of his right against self-incrimination. Thus, he argues, his plea agreement violates Boykin v. Alabama, 395 U.S. 238 (1969).
 
 
 4
 Before entering the plea, Holt signed a standard waiver form listing all of his constitutional rights. In open court, the trial judge again reminded him of the significance of his waiver. "Boykin does not require the state court to enumerate all of the rights a defendant waives as long as the record indicates that the plea was entered voluntarily and understandingly." Rodriguez v. Ricketts, 798 F.2d 1250, 1254 (9th Cir.1986) (citations omitted). Accordingly, we find that the trial judge's failure specifically to advise Holt of his right against self-incrimination did not render the plea agreement unconstitutional.
 
 
 5
 Holt also challenges his plea agreement on the ground that the two prior felony convictions also involved plea agreements obtained in violation of Boykin. As the Supreme Court has counseled, however, "when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceedings, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569 (1989). Absent extraordinary circumstances, Holt cannot collaterally attack his prior convictions in this federal habeas petition.
 
 
 6
 The district court's denial of petitioner's writ of habeas corpus is AFFIRMED.
 
 
 
 *
 The panel unanimously find this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Owen M. Panner, Chief District Judge for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3