990 F.2d 1257
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Herman GOVAN, Jr., Petitioner-Appellant,
v.
Jim GOMEZ, Director of CDC; Attorney General of California,
Respondents-Appellees.
 No. 92-56014.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 5, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Herman Govan, Jr. appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition. Govan contends that he was denied ineffective assistance of both trial and appellate counsel and that the California Court of Appeal denied him his right to due process. We have jurisdiction under 28 U.S.C. § 2253 and review the denial de novo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). We affirm.
 
 Ineffective Assistance of Trial Counsel
 
 3
 Govan contends that his trial counsel was ineffective in failing to: (1) object to the prosecutor's alleged misconduct in his characterization of witnesses and references to Govan's religious beliefs; (2) object to testimony regarding Govan's other sexual conduct unrelated to his charge of lewd conduct with a child; and (3) examine a witness who Govan alleges was crucial to the prosecution's case. His contention lacks merits.
 
 
 4
 A petitioner seeking habeas corpus relief on a claim of ineffective assistance of counsel must show that his trial counsel made unreasonable errors and that it was reasonably probable that but for those errors, the outcome of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 694 (1984).
 
 
 5
 Govan's first contention is that the prosecutor, in his closing argument, unfairly characterized defense witnesses and impermissibly referred to the defendant's religious background. Govan fails to establish how counsel's failure to object to the characterization of these witnesses prejudiced him in any way. As to the remarks about Govan's religious beliefs, it was Govan himself who brought this information into evidence and the prosecutor was merely attempting to mitigate its relevance. The district court correctly determined that Govan could not show prejudice from counsel's failure to object to the prosecutor's argument. See id. at 694.
 
 
 6
 Govan's contention that his trial counsel did not object to evidence of sexual conduct other than the charged offense is meritless because it was Govan who offered into evidence the fact that he was a church minister and had an affair with a church member. Moreover, when the prosecutor cross-examined Govan concerning this evidence, his counsel successfully objected. It is true that Govan's counsel did not object to the prosecutor's use of this information during his closing argument. However, Govan has failed to show how his counsel's performance in this regard failed either prong of the Strickland test. See id.
 
 
 7
 Govan's contention that trial counsel was ineffective in failing to call the doctor who examined the victim as a witness is also without merit. Govan's counsel attempted to get the doctor before the jury and had subpoenaed him, but he was unavailable to testify. Govan, again, has failed to show how his counsel's efforts were unreasonable or how he was prejudiced by not having the doctor testify. See id.
 
 
 8
 Ineffective Assistance of Appellate Counsel
 
 
 9
 Govan contends that his appellate counsel was ineffective in failing to: (1) assert that trial counsel was ineffective in failing to produce the doctor who examined the victim; (2) raise the claim that certain evidence was erroneously admitted by the trial court; (3) produce a complete record of the proceedings below on appeal; and (4) raise a claim of insufficient evidence. His contention lacks merit.
 
 
 10
 The same standard that is used to determine ineffective assistance of trial counsel applies to appellate counsel. Alford v. Rolfs, 867 F.2d 1216, 1220 (9th Cir.1989); Rodriguez v. Ricketts, 798 F.2d 1250, 1253 (9th Cir.1986); cert. denied, 479 U.S. 1057 (1987).
 
 
 11
 Govan's first contention is without merit because, as stated above, trial counsel was not ineffective in failing to call the doctor as a witness. As for his second contention, it lacks merit because claims of erroneous state trial court rulings on the admissibility of evidence are not cognizable in a federal habeas corpus petition. Jammal v. Van de Kamp, 926 F.2d 918, 919 (9th Cir.1991). Therefore, Govan is unable to show prejudice from his appellate counsel's failure to object to the evidence. See Strickland, 466 U.S. at 694.
 
 
 12
 Govan's third contention lacks merit because he fails to demonstrate how he was prejudiced by his appellate counsel's failure to produce a complete record on appeal. See id.
 
 
 13
 Govan's contention that counsel was ineffective in failing to raise a sufficiency of the evidence claim is without merit because Govan has failed to demonstrate that he was prejudiced by not having this claim raised. See id. In order for a petitioner to be successful on a claim of insufficient evidence, the petitioner must demonstrate, viewing the evidence in the light most favorable to the prosecution, that no rational trier of fact could have found the petitioner guilty of the charged crime. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). Govan has not made any showing under this standard.
 
 California Court of Appeal's Review
 
 14
 Govan contends that the California Court of Appeal denied him his right to due process by failing to examine the entire trial transcript in considering the cumulative impact of the alleged trial errors. The Court of Appeal, however, did not find that there were any trial errors at all. The district court was correct in stating that because of this, the California Court of Appeal had no duty under the Constitution to examine the entire record. See Jammal, 926 F.2d at 919 (only claims of constitutional violations are cognizable in a federal habeas corpus proceeding).
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3