19 F.3d 1433
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harold MORRIS, Petitioner-Appellant,
v.
Jack LITTLEFIELD, Respondent-Appellee.
 No. 93-4103.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1994.
 
 Before: MARTIN, RYAN, and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Harold Morris, a pro se Ohio prisoner, appeals a district court judgment dismissing his petition for habeas corpus relief filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Respondent has informed the court that he will not be filing a brief.
 
 
 2
 In 1990, Morris pleaded guilty to aggravated trafficking in drugs. Prior to sentencing, Morris attempted to withdraw his plea because he felt that he could not comply with the terms of his plea bargain. The trial court denied the request to withdraw and sentenced Morris to five to twenty-five years of imprisonment.
 
 
 3
 Morris filed a delayed appeal with the Ohio Court of Appeals, essentially arguing that the trial court should have granted his motion to withdraw his guilty plea because the prosecution had breached the plea agreement. The Ohio Court of Appeals noted that under Ohio's appellate rules, a criminal appeal is a matter of right. However, a delayed appeal may be taken only by leave of the court of appeals. After reviewing Morris's arguments, the court determined that Morris had not satisfied his burden under Ohio's appellate rules in order to obtain a delayed appeal. The court specifically noted that it was not deciding the merits of Morris's appeal. Ohio v. Morris, No. 91AP-1527, slip op. (Ohio Ct.App. June 2, 1992).
 
 
 4
 In his motion for leave to appeal to the Ohio Supreme Court, Morris argued that the Ohio Court of Appeals should have freely granted him leave to appeal his conviction when the delay was not caused by him and that leave of court to withdraw a guilty plea should be freely allowed prior to the entry of sentence along with a full hearing on the motion. The Ohio Supreme Court denied Morris leave to appeal.
 
 
 5
 In February 1983, Morris filed a post-conviction petition with the Franklin County (Ohio) Common Pleas Court asserting that his plea was not knowingly and intelligently made because the plea was based on an agreement that was impossible for him to fulfill. The court dismissed the petition as without merit. On appeal to the Ohio Court of Appeals, Morris essentially argued that his plea was not knowingly and intelligently made and that his arguments were not barred by the doctrine of res judicata. At the time he filed his habeas petition, this appeal was still pending in the Ohio Court of Appeals.
 
 
 6
 Morris argued in his federal habeas petition that: 1) the Ohio Court of Appeals should have permitted him to file his delayed appeal, and 2) the trial court should have allowed him to withdraw his guilty plea and grant him a full hearing as to the reasons for the requested withdrawal. The district court dismissed the petition as without merit.
 
 
 7
 In his timely appeal, Morris continues to argue the merits of his petition and asserts that the district court should have conducted an evidentiary hearing on his claims. He requests oral argument on appeal.
 
 
 8
 Upon review, we conclude that Morris has failed to establish that he was denied fundamental fairness resulting in his unjust confinement. Wright v. Dallman, 999 F.2d 174, 178 (6th Cir.1993). Although the district court correctly determined that Morris was not denied a fundamental right, we affirm the decision for reasons other than those stated by the district court. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990); Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam).
 
 
 9
 First of all, Morris was not denied a constitutional right when the Ohio Court of Appeals denied his request for a delayed appeal. The denial of a motion for leave to file an untimely appeal does not violate the Constitution. See Wedra v. Lefevre, 988 F.2d 334, 339-40 (2d Cir.1993). Furthermore, state appellate courts are not required to inform defendants of their rights on appeal. See, e.g., Rodriguez v. Ricketts, 798 F.2d 1250, 1254 (9th Cir.1986), cert. denied, 479 U.S. 1057 (1987).
 
 
 10
 Second, Morris's guilty plea argument is procedurally barred. Morris contends that the trial court erred by refusing to permit him to withdraw his guilty plea before entry of his sentence. However, Morris did not raise this claim in a timely appeal to the state courts. Because the state court of appeals expressly relied on this default in denying him relief, a federal habeas corpus court may not address the merits of this defaulted claim unless Morris establishes cause and prejudice to excuse the procedural default. See Teague v. Lane, 489 U.S. 288, 298-99 (1989). The cause and prejudice requirement may, however, be excused where a constitutional violation has resulted in the conviction of one who is actually innocent. See Murray v. Carrier, 477 U.S. 478, 495-96 (1986). Morris has not established cause and prejudice to excuse his procedural default, nor has he made a colorable showing of factual innocence to excuse the cause and prejudice requirement.
 
 
 11
 Finally, Morris was not entitled to an evidentiary hearing before the district court because none of the eight factors listed in 28 U.S.C. Sec. 2254(d) is present in this case. McMillan v. Barksdale, 823 F.2d 981, 983-84 (6th Cir.1987).
 
 
 12
 Accordingly, we deny the request for oral argument and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.