21 F.3d 1111
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joe Julian CORNEJO, Petitioner-Appellant,
v.
J.M. RATELLE; James Gomez, Director of California
Department of Corrections, Respondents-Appellees.
 No. 93-55272.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1994.*
Decided April 13, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joe Julian Cornejo, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus. Cornejo contends that his sentence was improperly enhanced by prior convictions. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253, and review de novo. Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). We affirm.
 
 
 3
 Cornejo was convicted, following a jury trial, of attempted burglary. Cornejo waived his right to a jury trial on two prior serious felony convictions. The trial court found these convictions to be true, and sentenced Cornejo to three years imprisonment for the burglary conviction and a ten-year sentence enhancement. Cornejo contends that (1) his waiver of a jury trial on the two prior convictions was invalid because he was not explicitly told of his right to confront witnesses, and (2) one of his prior convictions was unconstitutional because he was not told of his right to trial by jury before pleading guilty. These contentions have no merit.
 
 
 4
 A guilty plea is valid only if the record shows that it was both knowing and voluntary. Boykin v. Alabama, 395 U.S. 238, 242-43 (1969); Rodriguez v. Ricketts, 798 F.2d 1250, 1254 (9th Cir.1986), cert. denied, 479 U.S. 1057 (1987). However, a state trial court is not required to enumerate all of the rights a defendant waives by pleading guilty as long as the record indicates that the plea was entered voluntarily and intelligently. Rodriguez, 798 F.2d at 1254; United States v. Freed, 703 F.2d 394, 395 (9th Cir.1983).
 
 
 5
 Here, Cornejo was told that he had a right to a jury trial regarding his prior convictions, the right to present evidence and call witnesses, using the subpoena power if necessary, the right to remain silent, and the right to an attorney. Cornejo's statements indicate that he was aware of the sentence enhancement he faced for each prior conviction. Although Cornejo was not specifically told of his right to confront the witnesses against him, he had just been through a jury trial on the underlying burglary conviction, and was told that he had the right to "a jury trial just like you had on whether or not there was an attempted burglary." On this record, we find that Cornejo's waiver of his right to a jury trial on his prior convictions was both knowing and voluntary. See Boykin, 395 U.S. at 242-43; Rodriguez, 798 F.2d at 1254.
 
 
 6
 Cornejo also contends that one of his prior convictions was invalid because the trial court did not specifically inform him of the right to a jury trial before he pleaded guilty. In that prior proceeding, the trial court asked Cornejo: "Are you aware, Mr. Cornejo, that as a result of your plea of guilty you will be waiving your right against self-incrimination, your right to a speedy and public trial, and your right to confront your accusers?" Cornejo responded in the affirmative. Cornejo was represented by counsel, and stated that he had discussed the plea agreement with counsel. In these circumstances, we cannot say that Cornejo's plea was unknowing or involuntary. See Boykin, 395 U.S. at 242-43; Rodriguez, 798 F.2d at 1254. Accordingly, we affirm the district court's dismissal of Cornejo's habeas petition.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3