David R. CRUZ, Petitioner—Appellant,

v.

Ernie ROE, Warden, Respondent—
Appellee.

No. 03–15287.

D.C. No. CV–01–02077–WHA.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 9, 2004.*

Decided Feb. 25, 2004.

Jeffrey Glenn, Berman & Glenn, San
Francisco, CA, for Petitioner-Appellant.

Peggy S. Ruffra, Bridget Billeter, Office
of the California Attorney General, San
Francisco, CA, for Respondent-Appellee.

Before ALARCÓN, BEEZER, and W.
FLETCHER, Circuit Judges.

### MEMORANDUM**

California state prisoner David R. Cruz
appeals the district court's denial of his 28
U.S.C. § 2254 petition. Cruz contends
that the state court miscomputed the
amount of good time credit for time served
he was entitled to by applying a section of
the California Penal Code that became ef-
fective after the date of his crimes in viola-
tion of the Ex Post Facto Clause.

We affirm the district court.

### I

Cruz pleaded guilty to 47 counts of com-
mitting lewd or lascivious acts on a child
under 14 in violation of California Penal
Code § 288(a). Count One charged acts
that were alleged to have occurred be-
tween January 1, 1994 and May 31, 1994;
the other 46 counts charged acts that were
alleged to have occurred after January 1,
1995. The trial court sentenced Cruz to
the maximum of 36 years and gave Cruz a
total of 340 days of pretrial custody cred-

---

* This panel unanimously finds this case suit-
able for decision without oral argument. See
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

its–296 actual days and an additional 15 percent, or 44 days, as "good time work credits" pursuant to California Penal Code § 2933.1.

Cruz claims that application of § 2933.1 to Count One constituted a violation of the Ex Post Facto Clause of the United States Constitution, and the trial court's failure to inform him of his right to challenge the 15 percent cap imposed by § 2933.1 rendered his plea unknowing and involuntary. Cruz seeks only an adjustment of his sentence, not the withdrawal of his plea.

## II

We review *de novo* the district court's denial of Cruz's habeas petition. *Avila v. Galaza,* 297 F.3d 911, 914 n. 1 (9th Cir. 2002), *cert. dismissed,* 538 U.S. 919, 123 S.Ct. 1571, 155 L.Ed.2d 308 (2003). We review the district court's factual findings for clear error. *Solis v. Garcia,* 219 F.3d 922, 926 (9th Cir.2000).

The Antiterrorism and Effective Death Penalty Act of 1996 applies to Cruz's petition. 28 U.S.C. § 2254; *Lindh v. Murphy,* 521 U.S. 320, 327–36, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

## III

Cruz waived his objection to any violation by pleading guilty before the trial court. Cruz entered into a plea agreement that included substantial concessions by the government. The record indicates that Cruz clearly understood the 15 percent cap to be part of that agreement. *See United States v. Escamilla,* 975 F.2d 568, 570 (9th Cir.1992) ("[P]lea bargains are contractual in nature and must be measured by contract law standards."); *cf. Weaver v. Graham,* 450 U.S. 24, 31–32, 101 S.Ct. 960, 67 L.Ed.2d 17 (holding that detrimental *post-plea* restrictions on good time credits were sufficiently punitive and retrospective as to run afoul of the Ex Post Facto Clause). After an extensive allocution, the court accepted Cruz's guilty plea, finding it "free and voluntarily, knowingly and intelligently made."

The fact that the court did not advise Cruz of one of his potential rights regarding the discrete issue of sentencing is not sufficient to render his plea unknowing or involuntary, *Rodriguez v. Ricketts,* 798 F.2d 1250, 1254 (9th Cir.1986) (stating that state courts are not required to enumerate all of the rights a defendant waives for a plea to have been entered voluntarily and understandingly); such a claim must more generally attack the character of the plea and counsel's assistance. *Hudson v. Moran,* 760 F.2d 1027, 1030 (9th Cir.1985).

The district court properly denied Cruz's petition for a writ of habeas corpus.

**AFFIRMED.**