Charles Edward BURTON, Appellant,

v.

STATE of Indiana, Appellee.

No. 1183 S 399.

Supreme Court of Indiana.

Nov. 17, 1983.

Ralph Ogden, Wilcox, Ogden & Dumond, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

This cause comes to us by way of a Petition to Transfer from the Second District Court of Appeals. Said Petition is unusual since predicated upon Petitioner's claim that he was denied his constitutional right to a meritorious appeal because his appointed appellate counsel was ineffective. Petitioner demonstrates his claim by indicating significant issues preserved in his Motion to Correct Errors which were waived on appeal and issues raised on appeal which were

so inadequately presented that they could hardly be discerned, let alone decided.

Members of the law firm of Wilcox, Ogden and DuMond represented Petitioner at trial during which Petitioner was convicted of the theft of a 1976 Ford truck. The trial court appointed Dawn D. Duffy to pursue Petitioner's original appeal. The Second District rendered its Memorandum Decision affirming the trial court on November 10, 1982. At Petitioner's request, Duffy moved to withdraw on January 12, 1983; her Motion was granted. Members of Wilcox, Ogden and DuMond again entered their appearance after they had filed Petitioner's Petition for Rehearing without Duffy's participation or assistance. They are the present counsel who bring this Petition to Transfer.

Petitioner now contends that reversible error was committed during the trial phase of his case when he was denied an opportunity to view the confidential vehicle identification number of the allegedly stolen truck. The trial court overruled Petitioner's Motion to Dismiss filed after the State refused to allow Petitioner to inspect said vehicle's confidential number. Furthermore, the trial court refused to order the requested inspection or to allow Petitioner to confront and examine certain witnesses to obtain particular information about the confidential identification number. The trial court did permit, over timely objections, certain evidence proffered by the State about the confidential number and the identification of said truck based upon that confidential number. The Information charging Petitioner with theft referred to the confidential number and not to the visible identification number located on the vehicle's door. There apparently was evidence that the visible door number had been altered and could not identify the vehicle as being stolen. The sole convicting evidence, therefore, was the confidential identification number which Petitioner was never allowed to inspect.

■ Petitioner also raises issues which apparently had been raised at the trial level regarding the adequacy of the charging information. Petitioner contends that these issues were properly preserved in his Motion to Correct Errors. An examination of said Motion in the instant Record indicates that they were indeed so preserved. Counsel Duffy, however, neither raised the issues nor brought up all of the Record necessary to show that they were properly presented before the trial court. The Court of Appeals correctly found, therefore, that the issues were waived because they were not properly presented. Of course the Second District at that point was not aware of the facts and circumstances now presented by present counsel in support of the instant Petition to Transfer and the accompanying Application for Writ of *Certiorari.* Present counsel did attempt to raise these questions and to furnish this information to the Court of Appeals on rehearing but that Court summarily denied those attempts.

■ Serious questions of first impression in this State are apparent in this cause as indicated by Petitioner's Motion to Correct Errors and by references to the Record furnished by Petitioner's present counsel. Moreover, it appears that because of the total inadequacy of Attorney Duffy's attempted appeal before the Court of Appeals, Petitioner failed to be accorded his due process right to effective representation. We repeatedly have held that the test for determining whether or not a person has been deprived of his constitutional right to the effective assistance of trial counsel is whether the record shows that the representation received constituted a "mockery of justice" as modified by the requirement of "adequate legal representation." *Johnson v. State,* (1982) Ind., 440 N.E.2d 459; *Tessely v. State,* (1982) Ind., 432 N.E.2d 1374; *Cottingham v. State,* (1978) 269 Ind. 261, 379 N.E.2d 984. There is no reason for not applying the same standard when reviewing the quality of legal representation on appeal. This Court has held with regard to appellate representation:

"... [T]he appellant's brief is defective to the degree that, in substance, we have no appeal before us at all. In particular, we have neither cogent argument nor

citation of authority before this Court. Meager *pro forma* compliance with the rules of appellate practice represents less than desired performance from appellate counsel. *Adams v. State,* (1973) 261 Ind. 191, 301 N.E.2d 368. 'Our appellate rules . . . outline in general from (sic) the requirements for a legally cognizable argument. Adherence to this standard is not left open to the option of an appellate attorney.' *Dortch v. Lugar,* (1971) 255 Ind. 545, 588, 266 N.E.2d 25, 51."

*Frances v. State,* (1974) 261 Ind. 461, 462, 305 N.E.2d 883. In *Frances,* we ordered the appellant's attorney to rebrief the cause in compliance with the rules of this Court and directed the State to timely respond. *See also Sparks v. State,* (1964) 245 Ind. 245, 195 N.E.2d 469, *on rehearing* 245 Ind. 250, 196 N.E.2d 748, *reh. denied.* The Court of Appeals characterized the quality of Petitioner's representation as follows:

"We do not hesitate to give appellants every benefit of the doubt in terms of their compliance with A.R. 8.3(A). However, we do draw a line of minimal compliance and find that line has not been crossed in Burton's first issue. The argument is devoid of his contention, references to the record, or any showing of how the issue and contention relate to the particular facts. Issue one is waived."

We also are informed about Petitioner's appellate representation by Petitioner's Affidavit of November 23, 1982, which is not refuted in any manner by the State. In said Affidavit, Petitioner states:

"4. I was never told the name of the attorney appointed to prosecute my appeal and I have had no contact or communication with her at any time.

5. Ms. Duffy did not ever ask me whether I was willing to waive any of the issues raised in my motion to correct errors and I did not consent to any such waiver.

. . . . .

8. I received word about the decision from Ralph Ogden, whose firm represented me at the trial level. He stated that

he learned of the decision after talking with the trial judge on November 17th." Petitioner clearly was denied his fundamental constitutional right to effective representation in the pursuit and conduct of his direct criminal appeal.

█ We now grant Petitioner's Petition to Transfer, vacate the opinion of the Court of Appeals, grant Petitioner's "Verified Petition For A Writ of *Certiorari* to Complete The Record From The Trial Court," and order that this cause be rebriefed and resubmitted. Petitioner's counsel specifically is ordered to rebrief this cause to this court within thirty (30) days from the receipt of this opinion in compliance with the rules of this Court. The State is given thirty (30) days from the date Petitioner's Amended Brief is filed within which to file an Answer Brief. Petitioner is given fifteen (15) days from the date Respondent's Answer Brief is filed within which to file a Reply Brief. The Clerk of this Court is ordered to mail copies of this Opinion to each of the attorneys of record by certified mail with return receipt requested. The date on the return indicating Petitioner's receipt of this Opinion shall be used to calculate the initial briefing period ordered herein. Judgment accordingly.

GIVAN, C.J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.