707 P.2d 303

**STATE of Arizona, Petitioner,**

v.

**Hon. William L. BERLAT, Judge Pro Tempore, Superior Court of Pima County, State of Arizona, Respondent,**

**Marco A. FIGUEROA, Real Party in Interest.**

**No. 18076–PR.**

Supreme Court of Arizona,
En Banc.

Sept. 23, 1985.

Reconsideration Denied Nov. 5, 1985.

Stephen D. Neely, Pima Co. Atty., Clinton R. Stinson, Deputy Co. Atty., Tucson, for petitioner.

Miles F. Westover, Tucson, for real party in interest.

GORDON, Vice Chief Justice:

This petition for review arises out of a juvenile court proceeding in which petitioner minor was charged with child molestation, A.R.S. § 13–1410. The juvenile court found that a commission of child molestation was established and adjudged the juvenile to be delinquent. The minor's counsel filed a timely Notice of Appeal, but failed to include a statement of grounds for the appeal with supporting memorandum in compliance with Rule 25(b), Juvenile Court Rules of Procedure, 17A A.R.S. Consequently, the Court of Appeals dismissed the minor's appeal on February 29, 1984. The minor's first counsel thereafter withdrew from representation. On March 8, 1984, new counsel filed a Motion for Reconsideration of the Appeals Court order dismissing the appeal; the court denied this motion on May 9, 1984. Subsequently, a petition for review was denied on July 17, 1984. About two months later, September 11, 1984, the minor's second attorney withdrew from representation. The minor's third and present counsel assumed representation on November 21, 1984.

About three weeks later, on December 14, 1984, counsel filed a Motion to Set Aside Order Adjudicating Delinquency, seeking a delayed appeal under Rule 32, Arizona Rules of Criminal Procedure, 17 A.R.S. or alternatively under Rule 60(c), Arizona Rules of Civil Procedure, 16 A.R.S. On January 10, 1985, the Juvenile Court entered an order granting the delayed appeal under Rule 32, stating:

"THE COURT FINDS that the minor's failure to appeal from the judgment of this Court within the prescribed time was without his fault.

The Court will apply Rule 32, Post Conviction Relief, of the Rules of Criminal Procedure, as being appropriate.

\*     \*     \*     \*     \*     \*

THE COURT FINDS AND ORDERS that a delayed Appeal is allowed."

On January 25, 1985, the state challenged the above ruling by Special Action filed in the Court of Appeals. About one month later, on February 27, 1985, the Court of Appeals granted the state's requested relief, vacating the delayed appeal, finding:

"It appearing to the Court that although the juvenile court possesses the power to grant a juvenile a delayed appeal in an instance where the juvenile has been precluded from obtaining appellate review though no fault of his own, *In the Matter of Maricopa County Juvenile Action No. J-73355,* 110 Ariz. 207, 516 P.2d 580 (1973), the 'orderly administration of justice' referred to in the cited decision demands that the motion for a delayed appeal be filed promptly.

The granting of the delayed appeal in this case was an abuse of the respondent court's discretion since the delayed appeal was sought almost one year after the original appeal was filed and almost five months after the petition for review of the dismissal of the original appeal was denied by the Arizona Supreme Court.

Therefore, the January 10, 1985, order of the respondent court allowing the delayed appeal is vacated."

Shortly thereafter, the minor filed the instant Petition for Review. We granted review to clarify the procedure for seeking a delayed appeal in juvenile cases.

A juvenile's right to appeal is authorized under Rule 25, Juvenile Court Rules of Procedure, 17A A.R.S.

"Rule 25. Time Within Which An Appeal May Be Taken and Notice Thereof

(a) An appeal must be taken within 15 days after the final order is entered in the minutes of the juvenile court. There is no requirement that a final order be in writing and signed by the judge before an appeal can be taken.

(b) An appeal may be taken only by filing with the Clerk of the Superior Court a written notice of appeal which specifies the party taking the appeal and designates the particular matter appealed from, together with a concise statement of the grounds for the appeal supported by a memorandum of authorities. If oral argument is requested, it shall be separately indicated at the time of filing the notice of appeal.
* * * "

The juvenile court rules, however, do not provide a procedure for the juvenile to obtain a delayed appeal. Such a procedure is provided for in criminal cases under Rule 32, Rules of Criminal Procedure, 17 A.R.S. The minor argues that Rule 32 should govern a juvenile's right to seek a delayed appeal. We disagree.

A juvenile delinquency proceeding is neither criminal nor penal in nature, and the objective of the juvenile system is the protection and rehabilitation of the child. *In re Maricopa County Appeal No. J–68100 v. Haire,* 107 Ariz. 309, 486 P.2d 791 (1971); *Arizona State Dept. of Public Welfare v. Barlow,* 80 Ariz. 249, 296 P.2d 298 (1956). *See* A.R.S. § 8–207 (order of juvenile court shall not be deemed a conviction of crime or impose any civil disabilities ordinarily resulting from a conviction). Thus, it has been consistently held that the Rules of Criminal Procedure are not applicable to juvenile proceedings. *See In re Appeal in Maricopa County Juvenile Action No. J–86715,* 122 Ariz. 300, 594 P.2d 554 (App. 1979); *In re Appeal in Yavapai County Juvenile Action No. 7707,* 25 Ariz.App. 397, 543 P.2d 1154 (1975).[1]

Although the juvenile court rules provide no rule comparable to Rule 32, the juvenile may seek a delayed appeal under Rule 16(a), Rules of the Supreme Court, 17A A.R.S.

"Rule 16. Motions to Take Delayed Appeals and Procedure of Criminal Appeals 16(a) Motion to take delayed appeal. A defendant who has, without fault on his part, failed to take an appeal within the sixty days prescribed by Rule 348 of the Rules of Criminal Procedure [see current Rule 31.3] may, by written motion supported by affidavit, apply to this court for an order permitting him to take a delayed appeal. The clerk shall forthwith notify the attorney general who shall respond to such motion within five days.
* * * "

This Court in *In re Maricopa County Juvenile Action No. J–73355,* 110 Ariz. 207, 516 P.2d 580 (1973) has already held that a juvenile may seek a delayed appeal under Rule 16(a). We determined that without a right to seek a delayed appeal the juvenile could lose substantive rights through no fault of his own in failing to appeal appropriately.

We recognize that Rule 16 as it pertains to the granting of delayed appeals in criminal cases has been superseded by Criminal Rule 32 which delegates such authority to the superior court. *See State v. Rodriquez,* 27 Ariz.App. 689, 558 P.2d 717 (1976). Rule 16, however, has not been abrogated and thus still governs juvenile delayed appeals. Therefore, a juvenile may seek relief in the court of appeals by filing a motion for a delayed appeal with supporting affidavit. In this case, the minor erroneously sought such relief in the superior court instead of the appellate court. Since this issue has found its way up to this Court, however, we will dispose of it now.

The juvenile argues that he was entitled to a delayed appeal because his counsel was ineffective in filing the appeal which caused it to be dismissed through no fault of his own. A juvenile's right to effective counsel on appeal has not yet been decided in Arizona, and there is no authority directly on point resolving this issue. The United States Supreme Court, however, has decided that due process and a right to counsel extends to a juvenile delinquency proceeding. *Application of Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967).

---

**1.** We also hold that Rule 60(c), Rules of Civil Procedure, 16 A.R.S., does not govern a juvenile's right to a delayed appeal.

The Court rationalized that there was no material difference between the adult and juvenile proceedings insofar as the need to protect their liberty interests:

"A proceeding where the issue is whether the child will be found to be 'delinquent' and subjected to the loss of his liberty for years is comparable in seriousness to a felony prosecution. The juvenile needs the assistance of counsel to cope with problems of law, to make skilled inquiry into the facts, to insist upon regularity of the proceedings, and to ascertain whether he has a defense and to prepare and submit it. The child 'requires the guiding hand of counsel at every step in the proceedings against him.' Just as in *Kent v. United States*, supra, 383 U.S. [383 U.S. 541] at 561–562, 86 S.Ct. [86 S.Ct. 1045, 1054 and n. 22] at 1057–1058 [16 L.Ed.2d 84 (1966.)], we indicated our agreement with the United States Court of Appeals for the District of Columbia Circuit that the assistance of counsel is essential for purposes of waiver proceedings, so we hold now that it is equally essential for the determination of delinquency, carrying with it the awesome prospect of incarceration in a state institution until the juvenile reaches the age of 21."

*Application of Gault*, 387 U.S. at 36, 87 S.Ct. at 1448, 18 L.Ed.2d at 551.

We must determine whether this rationale extends to a juvenile's appeal.

The issue of effective appellate counsel has been decided in the criminal system in *Evitts v. Lucey*, —— U.S. ——, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). The Supreme Court determined that a defendant, pursuing his first appeal as of right, is guaranteed the right to counsel as a minimum safeguard to make his appeal adequate and safe under due process of law. The Court concluded that a first appeal as of right is not adjudicated in accord with due process if defendant's attorney is not effective. The Court rationalized that a defendant on appeal must face an adversary proceeding, which like a trial is governed by intricate rules and procedures, that to a lay person would be hopelessly forbidding. "An unrepresented appellant—like an unrepresented defendant at trial—is unable to protect the vital interest at stake." *Evitts v. Lucey*, —— U.S. at ——, 105 S.Ct. at 836, 83 L.Ed.2d at 830.

In the criminal system, the State of Arizona gives the juvenile a nondiscretionary direct appeal as of right. *See* A.R.S. § 8–236.[2] To protect this right, we believe that due process extends to safeguard a juvenile's appeal at least through the process of perfecting the appeal. The juvenile, perhaps even more inexperienced at protecting his rights than an adult appellant, faces an appeal filing process with intricate rules and requirements that would be impossible for him to fulfill without the guidance of counsel. An unrepresented juvenile could easily lose his appeal. We thus hold that due process and the right to counsel extend to the juvenile's first appeal as of right. Furthermore, such appeal is not adjudicated in accord with due process if the juvenile's appellate counsel is not effective.

We must next determine if the juvenile's retained counsel was effective.[3] Counsel failed to file a statement of grounds with supporting memorandum as expressly required by Juvenile Rule 25; thus the juvenile's appeal was dismissed. Assuming the existence of meritorious

---

2. § 8–236. Appeals

A. Any aggrieved party in any proceeding under this title may appeal from a final order of the juvenile court to the court of appeals in the manner provided in rules of procedure for the juvenile court as promulgated or approved by the Arizona supreme court, except the name of the child shall not appear in the record of the appeal, the juvenile court record number assigned to that case substituting for the name.

3. Counsel must also be effective whether retained or appointed. *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). *See McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, *reh'g denied* 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967).

grounds for the appeal, we believe that it was *per se* ineffective to fail to perfect the juvenile's appeal.[4] *Cf. Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Counsel's failure to follow a simple and explicit court rule that would lead to such drastic consequences as dismissal compels this finding. A reasonably competent attorney can easily comply with the procedural requirements of Juvenile Rule 25(a). How to perfect an appeal is something that all lawyers should know and be able to do.[5] In this case, we have read the file and believe a prima facie statement of grounds can be made by the minor.

■ Additionally, the juvenile cannot be bound by his attorney's deficient act. *See Burton v. State,* 455 N.E.2d 938 (Ind.1983). The juvenile has no other remedy to gain his freedom. Although in a civil case counsel can be sued for damages for negligence, it would not do a minor adjudged delinquent much good to know he could sue his lawyer for damages. *See Harkness v. State,* 264 Ark. 561, 572 S.W.2d 835 (1978). Denial of freedom cannot be measured in dollars and cents. Thus the appeal was lost without the fault of the minor.

■ The Court of Appeals found that the delayed appeal was not filed promptly pursuant to *In re Maricopa Juvenile Action No. J–73355, supra.* We disagree. While we agree that a motion for a delayed appeal must be filed promptly, such a determination is largely dependent on the facts in each case. Five months elapsed between the denial of the petition for review, which was the final attempt to rectify original counsel's alleged error, and the filing of a Motion to Set Aside Order Adjudicating Delinquency. During this time the minor's second counsel withdrew and present counsel was retained, who filed for the delayed appeal relief within three weeks after his retention. This action was prompt. *In re Maricopa County Juvenile Action No. J–73355* is distinguishable since a delayed appeal was not sought until after the juvenile had already been transferred for adult prosecution.

We thus hold that the juvenile is entitled to a delayed appeal. The order of the Court of Appeals granting special action relief is vacated. The juvenile court is ordered to take such action in furtherance of the appeal as required by the juvenile rules.

HOLOHAN, C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.

---

4. In this case counsel ineffectiveness in perfecting the juvenile's appeal is clear. In other cases, where ineffectiveness is not evident, it may be necessary to remand to the trial court for an evidentiary hearing.

5. In comparison, we note that the federal and state courts have overwhelmingly found a defendant's criminal appellate counsel to be ineffective when he failed to perfect the defendant's appeal. *See, e.g., Evitts v. Lucey,* — U.S. —, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985) (due process extends to criminal appeals); *Perez v. Wainwright,* 640 F.2d 596, 598 n. 3 (5th Cir. 1981), *cert. denied,* 456 U.S. 910, 102 S.Ct. 1759, 72 L.Ed.2d 168 (1982); *Cleaver v. Bordenkircher,* 634 F.2d 1010 (6th Cir. 1980), *cert. denied sub nom.; Passmore v. Estelle,* 594 F.2d 115 (5th Cir. 1979), *cert. denied* 446 U.S. 937, 100 S.Ct. 2155, 64 L.Ed.2d 789 (1980); *Cantrell v. Alabama,* 546 F.2d 652 (5th Cir.), *cert. denied,* 431 U.S. 959, 97 S.Ct. 2687, 53 L.Ed.2d 278 (1977); *Macon v. Lash,* 458 F.2d 942 (7th Cir. 1972); *Hill v. Page,* 454 F.2d 679 (10th Cir.1971); *Blanchard v. Brewer,* 429 F.2d 89 (8th Cir. 1970); *Harkness v. State,* 264 Ark. 561, 572 S.W.2d 835 (1978) (per curiam); *Erb v. State,* 332 A.2d 137 (Del.1974); *Hines v. United States,* 237 A.2d 827 (D.C.1968); *State v. Erwin,* 57 Haw. 268, 554 P.2d 236 (1976); *Burton v. State,* 455 N.E.2d 938 (Ind. 1983); *Wilson v. State,* 284 Md. 664, 399 A.2d 256 (1979); *People v. Gonzalez,* 47 N.Y.2d 606, 419 N.Y.S.2d 913, 393 N.E.2d 987 (1979).