838 P.2d 1278

## In the Matter of the Appeal in MARICOPA COUNTY, JUVENILE ACTION NO. JS–8441.

### No. 1 CA–JV 91–016.

Court of Appeals of Arizona, Division 1, Department C.

June 18, 1991.

Petition and Cross-Petition for Review Granted March 17, 1992.

---

**518**

Peter S. Balkan, Phoenix, for appellant.

Grant Woods, Atty. Gen. by C. Eileen Bond, Asst. Atty. Gen., Phoenix, for appellee Department of Economic Security.

**1.** This court ordinarily rules on such matters in unpublished orders. However, because this case raises important, recurring questions of

## OPINION

EHRLICH, Judge.

This is an appeal by a father from a final minute entry order terminating his parental rights in his four-year-old daughter. Appellee Arizona Department of Economic Security (ADES) has moved to dismiss the appeal as untimely filed. The appellant opposes the ADES motion to dismiss and in the alternative asks that he be granted a delayed appeal pursuant to *State v. Berlat,* 146 Ariz. 505, 507–8, 707 P.2d 303, 305–6 (1985).[1] We consider the following issues:

(1) Which of the dates reflected on a minute entry order of the juvenile court in Maricopa County represents the date when the order was "entered in the minutes of the juvenile court" within the meaning of Rule 25, Arizona Rules of Procedure for the Juvenile Court;

(2) Whether the procedure for seeking a delayed appeal in a juvenile matter outlined in *Berlat,* 146 Ariz. 505, 707 P.2d 303, applies in a non-delinquency case; and

(3) Whether the juvenile court has jurisdiction in a non-delinquency case to vacate a final appealable order pursuant to Rule 60(c), Arizona Rules of Civil Procedure, to enable an aggrieved party to commence a timely appeal.

## PROCEDURAL BACKGROUND

ADES initiated this matter by filing a petition for the termination of the parent-child relationship between the appellant and his daughter on several of the grounds set forth in A.R.S. § 8–533(B). The appellant indicated his intention to contest the allegations of the petition and was appointed counsel to represent him. The juvenile court conducted a hearing on the petition and took the matter under advisement on August 20, 1990.

The juvenile court subsequently issued a seven-page minute entry order terminating the parent-child relationship. The order set forth the juvenile court's findings

juvenile appellate procedure, we have chosen to rule on the ADES motion and the appellant's request by published opinion.

as required by A.R.S. § 8–538(A); it there-
fore was final and appealable. *In the Mat-
ter of the Appeal in Pima County Juve-
nile Action No. S–933*, 135 Ariz. 278, 280,
660 P.2d 1205, 1207 (1982). Like all minute
entry orders issued by the juvenile court in
Maricopa County, the juvenile court's ter-
mination order reflected several different
dates. At the top left, it was dated "10–
18–90." At the bottom right, it bore the
following designation:

CLERK OF THE COURT
Juvenile Court
Received:  OCT 25 1990
Processed:  OCT 25 1990

On November 6, 1990, the juvenile court
judge received a letter from the appellant
asking that a different attorney be appoint-
ed to represent him on appeal. On Novem-
ber 7, 1990, the twentieth day following
October 18, 1990, the appellant's counsel
filed a notice of appeal. On November 14,
1990, ADES filed a response to the notice
of appeal that included a motion to dismiss
the appeal as untimely filed.

The ADES motion to dismiss relied on
Rule 25, Arizona Rules of Procedure for
the Juvenile Court, which provides in part:

(a) *An appeal must be taken within 15
days after the final order is entered in
the minutes of the juvenile court.*
There is no requirement that a final or-
der be in writing and signed by the judge
before an appeal can be taken. [Empha-
sis added.]

On November 23, 1990, the appellant's
counsel filed a pleading offering the follow-
ing response to the ADES motion to dis-
miss:

The Minute Entry was not received or
processed by the Clerk of the Juvenile
Court until October 25, 1990 as is evi-
denced by the date stamped on page one
on the face of the Minute Entry. (*See*
Attached Exhibit "1".)

October 25, 1990 was a Thursday. The
Natural Father's counsel did not receive
a copy of the Minute Entry until Monday,
October 29, 1990.

The Natural Father resides in the
State of California. The Notice of Ap-
peal was filed within seven (7) days after

counsel received notice of the Court's
decision.

Also on November 23, 1990, the juvenile
court issued a minute entry order appoint-
ing a new attorney to represent the appel-
lant in all further proceedings.

On November 26, 1990, the appellant's
new counsel filed a separate response to
the ADES motion to dismiss, arguing:

(1) The notice of appeal was timely be-
cause it was filed within 15 days after
the "received" and "processed" date on
the juvenile court's minute entry ruling;
(2) The court should treat the letter from
the appellant received by the juvenile
court on November 6, 1990, as "substan-
tial notice of his intention to appeal;"
and
(3) The court should grant the appellant
a delayed appeal pursuant to *Berlat*, 146
Ariz. 505, 707 P.2d 303.

## MEANING OF "ENTERED IN THE MINUTES OF THE JUVENILE COURT"

■ Juvenile Rule 25(a) requires that a
notice of appeal be filed within 15 days
after the order appealed from is "entered
in the minutes of the juvenile court." Re-
lying on Rule 58(a), Arizona Rules of Civil
Procedure, which provides that the filing of
a written, signed judgment with the clerk
of the superior court "constitutes entry of
such judgment," the appellant argues that
the juvenile court's final order is not "en-
tered in the minutes" within Juvenile Rule
25(a) until it is "filed" with the clerk of the
superior court. He asserts that the face of
the juvenile court's minute entry ruling in
this case indicates that it was received by
the clerk of the superior court on October
25, 1990. He therefore concludes that the
15–day appeal period did not begin to run
until that date.

We cannot agree. A "minute entry" or-
der is an informal, typed or hand-written
record of a trial judge's order made most
often by a deputy clerk at the judge's di-
rection. These written records are re-
ferred to collectively as the court's "min-
utes." As a matter of logic and plain En-

glish, the date on which a "minute entry" order is "entered in the minutes" of the court is the date of the minute entry order itself. In Maricopa County, this date is reflected at the top left of the minute entry order. *See Focal Point, Inc. v. Court of Appeals,* 149 Ariz. 128, 129, 717 P.2d 432, 433 (1986) ("It is the practice of the superior court clerk in Maricopa County not to use a 'filed' stamp on minute entries filed in the clerk's office. For dating purposes, the clerk uses the date typed in the upper left hand corner of the minute entry order ..."); *see also State v. Garza,* 128 Ariz. 8, 9, 623 P.2d 367, 368 (App.1981). The "received" and "processed" dates on a Maricopa County minute entry order have nothing to do with the "entry" of the order in the court's minutes, but instead indicate the dates on which the clerk's office's mailing center receives the minute entry order and mails out copies to counsel. *City of Phoenix v. Geyler,* 144 Ariz. 323, 326–27, 697 P.2d 1073, 1076–77 (1985). Accordingly, contrary to the appellant's argument, the 15 days for the filing of a notice of appeal in this case began to run on October 18, 1990, and therefore expired at the close of business on November 2, 1990.

The appellant's letter to the juvenile court judge was not received until November 6, 1990. Reliance on this as a proper "filing" is unavailing; under Juvenile Rule 25, a notice of appeal must be timely filed with the clerk of the superior court. Though the appellant's former counsel evidently received the juvenile court's minute entry ruling on or before November 1, 1990, she did not file a notice of appeal until November 7, 1990. The appeal therefore is untimely and must be dismissed for lack of jurisdiction. *Garza,* 128 Ariz. at 10, 623 P.2d at 369.

### REQUEST FOR DELAYED APPEAL

■ The appellant's current counsel asserts that any delay in filing the notice of appeal was not attributable to the appellant, but rather to his former counsel or to the juvenile court. He therefore asks that a delayed appeal be granted in accordance with *Berlat,* 146 Ariz. 505, 707 P.2d 303.

Resolution of the question of whether this court or the juvenile court is empowered to grant the appellant a delayed appeal requires a review of the applicable Arizona case law.

In the case of *In the Matter of the Appeal in Pima County Juvenile Action No. B–9385,* 138 Ariz. 291, 674 P.2d 845 (1983), the juvenile court vacated and reentered its minute entry ruling in an adoption case to enable counsel for the minor children, who had never received a copy of the original minute entry ruling, to file a timely appeal on their behalf. Division Two of this court dismissed the appeal on the theory that the minor children had no standing to appeal. On review, the supreme court held that the minor children had the requisite aggrievement to entitle them to appeal, but it also stated:

There does not appear to have been any formal motion filed in this case to have the order of the juvenile court reentered. Reading the court's minute entry of November 16, 1982, it appears that the juvenile court judge acted in response to information orally furnished to him by counsel. Thus, the record in this case is that the juvenile court judge acted because the parties did not get notice of the original minute entry. Relief under such circumstances is neither available nor appropriate. *Park v. Strick,* [137 Ariz. 100, 669 P.2d 78 (1983) ].

Although the appeal in this case must be dismissed as untimely, the parties may be entitled to relief in the juvenile court if an appropriate motion is filed supported by reasons showing justification for such relief. *Park v. Strick, supra.*

*Id.* at 295, 674 P.2d at 849. The court in *Park v. Strick* had held that when an aggrieved party establishes a lack of knowledge that a judgment has been entered and demonstrates additional reasons that are so extraordinary as to justify relief, the trial court has authority under Rule 60(c)(6), Arizona Rules of Civil Procedure, to vacate the judgment and reenter a new judgment to allow a timely appeal. 137 Ariz. 100, 104–5, 669 P.2d 78, 82–83 (1983); *see also*

*Geyler,* 144 Ariz. at 327–28, 697 P.2d at 1077–78.

The supreme court next addressed the availability of delayed appeals in juvenile cases in *Berlat,* 146 Ariz. 505, 707 P.2d 303. *Berlat* and the case on which it relied, *In the Matter of the Appeal in Maricopa County Juvenile Action No. J–73355,* 110 Ariz. 207, 516 P.2d 580 (1973) (appeal from transfer order), arose from delinquency proceedings. The court in both cases held that a juvenile defendant whose original appeal fails to confer jurisdiction on the appellate court through no fault of his own may seek a delayed appeal from the appellate court pursuant to Rule 16(a), Rules of the Supreme Court. *Berlat,* 146 Ariz. at 508–9, 707 P.2d at 306–7; *J–73355,* 110 Ariz. at 209, 516 P.2d at 582. Rule 16(a) provides:

> Motion to take delayed appeal. A defendant who has, without fault on his part, failed to take an appeal within the sixty days prescribed by Rule 348 of the Arizona Rules of Criminal Procedure [*see* current Rule 31.3] may, by written motion supported by affidavit, apply to this court for an order permitting him to take a delayed appeal. The clerk shall forthwith notify the attorney general who shall respond to such motion within five days.

In *Berlat,* the court stated:

> We recognize that Rule 16 as it pertains to the granting of delayed appeals in criminal cases has been superseded by Criminal Rule 32 which delegates such authority to the superior court. [Citation omitted.] Rule 16, however, has not been abrogated and thus still governs juvenile delayed appeals. Therefore, a juvenile may seek relief in the court of appeals by filing a motion for a delayed appeal with supporting affidavit.

146 Ariz. at 508, 707 P.2d at 306. The court in footnote 1 of *Berlat* stated: "We also hold that Rule 60(c), Rules of Civil Procedure, 16 A.R.S., does not govern a juvenile's right to a delayed appeal." *Id.* at 508 n. 1, 707 P.2d at 306 n. 1.

The court in *Berlat* did not cite its earlier decision in *Pima County Juvenile Action No. B–9385* and there is an interpretation that footnote 1 of *Berlat* conflicts with or even overrules *sub silentio* B–9385. In our opinion, however, this view fails to take into account the clear difference between *Berlat* and B–9385. B–9385 arose in a "civil" (non-delinquency) juvenile proceeding in which resort to Rule 60(c) was logical and appropriate. In contrast, *Berlat* and its predecessor, *Maricopa County Juvenile Action No. J–73355,* both arose out of delinquency proceedings and just as logically drew on Supreme Court Rule 16(a), which by its terms applied only in criminal proceedings. The court in *Berlat* accordingly had no reason to cite or discuss B–9385. Both the context and the specific language of footnote 1 in *Berlat* strongly indicate that the court intended only to foreclose the use of Rule 60(c) in attempts to obtain delayed appeals for juveniles who are the subjects of delinquency or related transfer proceedings. *Berlat* is simply inapplicable in other kinds of juvenile cases.

The last pertinent case is *Arizona Department of Economic Security v. Don,* 165 Ariz. 407, 799 P.2d 27 (App.1990), decided by Division Two of this court. In that case, the juvenile court granted a motion for a delayed appeal from an order terminating the parent-child relationship between the real party in interest and his two children. ADES filed a special action challenging the juvenile court's jurisdiction to do so and the court granted relief. The court observed that Juvenile Rule 29(c) specifically prohibited granting an extension of time for filing an appeal and stated:

> The juvenile rules do not provide a procedure for filing a delayed appeal. In criminal cases, Ariz.R.Crim.P. 32, 17 A.R.S., provides such a procedure, and it has been held that a juvenile may seek a delayed appeal under Ariz.R.S.Ct. 16(a), 17A A.R.S., which allows delayed appeals in criminal cases. *Maricopa County Juvenile Action No. J–73355,* 110 Ariz. 207, 516 P.2d 580 (1973). Rule 16 has been superseded by Ariz.R.Crim.P. 32, delegating the authority to grant a delayed appeal to the superior court, *see State v. Rodriquez,* 27 Ariz.App. 689, 558 P.2d 717 (1976), but Rule 16 still governs juve-

**522**

nile delayed appeals. *State v. Berlat,* 146 Ariz. 505, 707 P.2d 303 (1985). It is settled under *Berlat* that a juvenile has the right to seek a delayed appeal in the criminal context. *However, we are unable to find any basis for the granting of a delayed appeal from a juvenile court's order in a civil case.* We acknowledge that the severance of the parent-child relationship is a severe and final step. However, it is still a civil matter and, as such, is without the constitutional guarantee of the right to an appeal. Absent such constitutional guarantee, and absent any statutory authority to allow the circumscribing of the time limits for the filing of a notice of appeal, we find that the respondent court acted in excess of its jurisdiction in granting the motion to file a delayed appeal. Therefore, the order granting the motion is vacated.

165 Ariz. at 409, 799 P.2d at 29 (emphasis added). Review by the supreme court was not sought in *Don.*

The court in *Don* fails to discuss or even cite *B–9385,* 138 Ariz. 291, 674 P.2d 845, which expressly indicated that in a juvenile case of the "civil" variety, the juvenile court had jurisdiction to grant a delayed appeal pursuant to Rule 60(c) and *Park,* 137 Ariz. 100, 669 P.2d 78. *Id.,* 138 Ariz. at 295, 674 P.2d at 849.[2] In our view, *B–9385* remains good law. We therefore decline to follow *Don.*

In this case, as in *B–9385,* the appellant may be entitled to relief in the juvenile court if he files an appropriate motion pursuant to Rule 60(c) and demonstrates circumstances meeting the rigorous standards of *Geyler,* 144 Ariz. 323, 697 P.2d 1073, and *Park,* 137 Ariz. 100, 669 P.2d 78. We express no opinion on this record concerning whether those standards can be met in this case.

The appeal is dismissed. The appellant's request for a delayed appeal pursuant to *Berlat* is denied without prejudice to any request for relief in the juvenile court pursuant to Rule 60(c). The appellant's request for permission to file a supplemental brief is denied as moot.

EUBANK, P.J., and CONTRERAS, J., concur.

---

**2.** Like Juvenile Rule 29(c), Rule 5(b) of the Arizona Rules of Civil Appellate Procedure specifically forbids the superior court to shorten or extend the time for filing a notice of appeal. Nevertheless, the supreme court has evidently not viewed Rule 5(b) as barring what amounts to indirect extensions of the time for appeal in civil cases pursuant to Rule 60(c). *See generally Geyler,* 144 Ariz. 323, 697 P.2d 1073.