849 P.2d 1371

In the Matter of the Appeal in MAR-
ICOPA COUNTY JUVENILE
ACTION NO. JS–8441.

No. CV–91–0283–PR.

Supreme Court of Arizona,
In Division.

Nov. 24, 1992.

Peter S. Balkan, Phoenix, for appellant.

Grant Woods, Atty. Gen. by Cecil B. Pat-
terson, Jr., Chief Counsel, Human Services
Div., and C. Eileen Bond, Asst. Atty. Gen.,
Phoenix, Helm & Kyle, Ltd. by Margaret
R. Tinsley, Tempe, for appellee Dept. of
Economic Security.

## OPINION

MARTONE, Justice.

This is a petition under A.R.S. § 8–533
brought by the Arizona Department of
Economic Security seeking to terminate the
parental relationship between father and
daughter. The court of appeals dismissed
as untimely the father's appeal from an
adverse judgment. *In re the Appeal in
Maricopa County Juvenile Action No.
JS–8441*, 172 Ariz. 517, 838 P.2d 1278 (App.
1991). We granted the father's petition for
review and now reinstate the appeal.[1]

## PRIOR PROCEEDINGS

After hearing evidence on the petition to
terminate parental rights, a judge of the
Superior Court of Arizona in Maricopa
County, sitting as a juvenile court judge,[2]
took the matter under advisement. Later,
the court issued a comprehensive minute
entry[3] which contained its findings, conclu-

---

1. Shortly before oral argument in this case Cecil
B. Patterson, Jr., counsel for the Department of
Economic Security, advised us that the Depart-
ment agreed with the father that the appeal was
timely and asked us to vacate the opinion of the
court of appeals on grounds of basic fairness.
We appreciate this and applaud counsel and his
client for changing their position on this issue.

2. Under the Arizona Constitution, the superior
court has "exclusive original jurisdiction in all
proceedings and matters affecting dependent,
neglected, incorrigible or delinquent children,
or children accused of crime, under the age of
eighteen years." Ariz. Const. art. VI, § 15. In
Maricopa County, such jurisdiction has been
assigned to its juvenile court, a department of

the superior court. Rule 7.1, Super. Ct. Local
Prac. Rules, Maricopa County. See A.R.S. § 8–
201(14) (Supp.1991–92) (defining "juvenile
court" as the juvenile division of the superior
court).

3. In Maricopa County, minute entries are used
for several quite different purposes. They are
used by deputy clerks to record some of the
transactions going on in each division of the
court. They are used by deputy clerks to give
notice of scheduled events such as oral argu-
ment on motions and trials. And, they are used
by the judge of the division as a vehicle for
judicial decisions.

sions, and order terminating the parent-child relationship between the father and the child. Under A.R.S. § 8–538(A), such orders must be in writing. The date "10–18–90" appeared in the upper left hand corner of the minute entry next to the judge's name. Below, under the heading "CLERK OF THE COURT," appeared a "Received" date of October 25, 1990 and a "Processed" date of October 25, 1990.

Rule 25, R.P.Juv.Ct., provides that "[a]n appeal must be taken within 15 days after the final order is entered in the minutes of the juvenile court. There is no requirement that a final order be in writing and signed by the judge before an appeal can be taken." Rule 25(a), R.P.Juv.Ct.

The notice of appeal in this case was filed on November 7, 1990. The court of appeals held that the date on the minute entry in the upper left hand corner, "10–18–90," was the date on which the final order was entered in the minutes of the juvenile court within the meaning of Rule 25(a). It drew this conclusion from an observation in *Focal Point, Inc. v. Court of Appeals*, 149 Ariz. 128, 129 n.*, 717 P.2d 432, 433 n.* (1986). Drawing from *City of Phoenix v. Geyler*, 144 Ariz. 323, 326–27, 697 P.2d 1073, 1076–77 (1985), the court accurately characterized the "Received" and "Processed" dates as the dates on which the clerk's office receives and mails the minute entry respectively. Because November 7, 1990, the date the notice of appeal was filed, exceeded 15 days after October 18, 1990, the court of appeals held that the appeal was untimely. And because it held that it was without power to grant a delayed appeal, the appeal was dismissed.

### THE LAST DATE COUNTS

■ The date in the upper left hand corner of Maricopa County minute entries is not necessarily the filing date. In most instances, it is the date the deputy clerk of the division first begins to type the minute entry. The typing may take more than one day. Sometimes it is the last date of typing of the minute entry. Once typed, the minute entry is presented to the judge for review, correction, and editing. Only after it is finally approved does the minute entry get released to the clerk's office and that date is reflected as the "Received" date. The "Processed" date is in fact the date the clerk's office mails the minute entry to the parties.

In this case, seven days elapsed between the date in the upper left hand corner and the date of actual receipt in the clerk's office. Under these circumstances, it seems likely that the upper left hand corner date was the date the clerk began the typing.

This is not the first time we have commented on this practice which is so confusing to all but those intimately involved in the Superior Court of Arizona in Maricopa County. *See City of Phoenix v. Geyler*, 144 Ariz. at 331 n. 6, 697 P.2d at 1081 n. 6. In the case before us, the court of appeals stated "[a]s a matter of logic and plain English, the date on which a 'minute entry' order is 'entered in the minutes' of the court is the date of the minute order itself." 172 Ariz. at 519–20, 838 P.2d at 1280–81. This should be true, but is not. We are able to divine the true meaning of this minute entry from experience alone, and we admit that a system based upon insider experience is not a fair and rational system to the lawyers and judges who must rely upon it.

We note that this problem is not limited to juvenile cases. In *Focal Point, Inc. v. Court of Appeals*, this court held that a minute entry which complied with Rule 58(a), Ariz.R.Civ.P., constituted a judgment from which an appeal would lie. 149 Ariz. at 130–31, 717 P.2d at 433–34. And, as the court noted in *Focal Point*, even though they are judgments, the clerk does not file stamp such minute entries. *Id.* at 129 n.*, 717 P.2d at 433 n.*. Civil judgments which are not minute entries are file stamped and, thus, there is no confusion about the date from which the appeal lies. But judgments which are minute entries are infected with the same confusion which infects the juvenile minute entry in this case.

In the best of all worlds, all judgments or orders from which appeals lie in any

kind of case would be clear and free of confusion. Examples are the non-minute entry civil judgment with a file stamp date and, in criminal cases, the oral pronouncement of judgment at the time of sentencing under Rule 26.2(b), Ariz.R.Crim.P.

Confusion spawned by minute entry practices which are unclear and unknown to many system users must yield to fundamental fairness. In this case, there was no oral pronouncement of the termination of parental rights. Nor could there be under A.R.S. § 8–538(A). The judge took the matter under advisement and, on the face of it, the minute entry was not available to the public until, at the earliest, the "Received" date, October 25, 1990. If we were to conclude otherwise, the time for taking an appeal would be running even as the minute entry is sitting for days in the deputy clerk's word processor or on the judge's desk. We therefore conclude that the final order was not entered in the minutes of the juvenile court within the meaning of Rule 25(a) until, at the earliest, the "Received" date of October 25, 1990.

■ But there is more. The meaning of the "Received" and "Processed" dates is not intuitively obvious to general users of the system. Appeal rights are important. Appeal rights in cases terminating parental rights are extraordinarily important. Under these circumstances, fundamental fairness demands that the latest official date on the Maricopa County minute entry be construed as the date upon which it was entered in the minutes of the court. In some cases it will be the "Processed" date, the date of mailing. In others, as here, the "Received" date and the "Processed" date will be the same.

In this case, then, the notice of appeal was filed within 13 days of October 25, 1990. Because the appeal is timely, we have no occasion to reach the quite separate question of whether delayed appeals are available in parental termination proceedings.

4. We shall also begin the process of reviewing Rule 25(a), R.P.Juv.Ct., and related rules on appeals in other kinds of cases, in an effort to

### DISPOSITION

The opinion of the court of appeals is vacated, the appeal is reinstated, and the case is remanded to the court of appeals for consideration of the appeal.[4]

MOELLER, V.C.J., and CORCORAN, J., concur.

FELDMAN, C.J., and ZLAKET, J., did not participate in the determination of this matter.

bring some measure of clarity and uniformity to the mechanics of timely appeals.