947 P.2d 928

**In re VICTOR P.**

**No. 1 CA–JV 97–0037.**

Court of Appeals of Arizona, Division 1, Department A.

Nov. 6, 1997.

Richard M. Romley, Maricopa County Attorney by Linda Alauria, Deputy County Attorney, Phoenix, for Appellee State.

Jeff Zurbriggen, Phoenix, for Appellant Juvenile.

## OPINION

McGREGOR, Judge.

This appeal requires us to decide (1) whether juvenile courts retain jurisdiction to decide whether a juvenile transferred to adult criminal court can bring a delayed appeal pursuant to Rule 29(b), Arizona Rules of Procedure for the Juvenile Court (Rule 29), and (2) whether, in this case, the juvenile court erred by denying Victor P.'s motion to file a delayed appeal. We hold that the juvenile courts have jurisdiction to consider a motion for delayed appeal made after transfer and affirm the juvenile court's order denying Victor's motion.

## I.

On April 3, 1996, the day after a traffic accident involving a stolen vehicle, the state charged Victor with one count of theft and two counts of driving under the influence. The charging document listed Victor's birthdate as April 21, 1978, placing Victor's age at seventeen years and eleven months. Accordingly, Victor appeared at an advisory hearing in juvenile court before Commissioner Filkins.

At the advisory hearing, Victor asserted that the 1978 birthdate was incorrect. After some initial inconsistency, Victor stated that his birthdate is March 15, 1980. Counsel for the state noted that Victor previously had reported the 1978 date under oath before a judge. Victor's counsel told the Commissioner he would attempt to obtain a birth certificate.

On April 17, 1996, Judge Mundell conducted a hearing to decide whether to transfer Victor to adult criminal court. At the transfer hearing, Judge Mundell considered evidence of Victor's age. The police officer who had interviewed Victor at the booking facility testified that Victor had reported multiple, inconsistent birthdates. The probation officer stated in her transfer report that Victor

had given several different birthdates, including May 15, 1978, and March 15, 1980. Judge Mundell concluded that Victor "apparently" was seventeen years and eleven months of age, corresponding to the 1978 birthdate.

Citing Victor's age and other factors, Judge Mundell ordered Victor transferred for criminal prosecution. The judge found that Victor's proximity to age eighteen would make the services of the juvenile court system futile. She also noted the seriousness of the charged offenses, Victor's prior history of delinquency in Nevada, and his substance abuse problem. When Victor protested that the judge had used an incorrect age, Judge Mundell replied, "Whether you are sixteen years old or eighteen years old, I think you ought to go to adult court. . . ."

On October 25, 1996, five months after Judge Mundell's transfer order, Victor filed an untimely notice of appeal,[1] followed by a "motion to excuse untimely notice of appeal," filed with Judge Foreman, presiding judge of the juvenile court. Victor attached a photocopy of a Spanish-language birth certificate showing a birthdate of March 15, 1980. According to the motion, Victor's counsel had obtained the age verification in September. Victor requested the delayed appeal on the grounds that counsel's failure to timely obtain the proof of age constituted "excusable neglect." Judge Foreman transferred the matter to Judge Mundell, who denied Victor's motion following oral argument.

Victor filed a timely notice of appeal to this Court. We have jurisdiction pursuant to Arizona Revised Statutes Annotated (A.R.S.) section 8–236 and Rules 24 through 29, Arizona Rules of Procedure for the Juvenile Court (Juvenile Court Rules).

## II.

■ We first determine whether the juvenile court retains authority to consider a juvenile's request for a delayed appeal of the

---

1. Rule 25(a), Arizona Rules of Procedure for the Juvenile Court, requires that notices of appeal be filed in the superior court within fifteen days

following the filing of the juvenile court's final order.

order transferring his case to adult court.[2] Our understanding of recently enacted amendments to Rule 29, considered in conjunction with prior relevant court decisions, convinces us that the juvenile court has authority to consider delayed appeals of its transfer orders.

Until the Arizona Supreme Court amended Juvenile Court Rule 29 in 1996, no procedural rule made specific provision for delayed appeals of juvenile court transfer orders.[3] Nonetheless, in *Maricopa County Juvenile Action No. J–73355*, 110 Ariz. 207, 209, 516 P.2d 580, 582 (1973), the supreme court held that juveniles could seek delayed appeals of transfer orders pursuant to Rule 16(a), Rules of the Arizona Supreme Court (Rule 16).[4] The court reasoned that denying juveniles access to the delayed appeal process worked an impermissible age-based distinction that threatened the substantive rights of juveniles who had failed to take a timely appeal through no fault of their own. *Id.*

In 1985, changes to court rules required the supreme court to again consider the juvenile delayed appeal procedure. In *State v. Berlat*, 146 Ariz. 505, 508–09, 707 P.2d 303, 306–07 (1985), the court held that Rule 16(a) continued to govern juvenile delayed appeals even though Rule 32, Arizona Rules of Criminal Procedure, had superseded Rule 16(a) with respect to adult delayed appeals. But in 1994, the court repealed Rule 16(a), leaving no apparent route for juvenile delayed appeals. The court corrected that gap in procedure with amended Rule 29(b). The rule now expressly provides that a juvenile's motion to excuse a failure to file a timely appeal should be filed with the presiding judge of the juvenile court:

> Any requests for extensions of time for filing pleadings, motions, or other documents with the clerk of the superior court under provisions of Rules 24 through 26[5] of these rules shall be made to the presiding judge of the juvenile court and shall be governed by the provisions of Rule 6(b), Ariz. R. Civ. P.; provided, however, that *the time specified in Rule 25(a) for filing a notice of appeal ... may not be extended, but may be excused upon motion made after the expiration of the specified period only where the failure to timely file was the result of excusable neglect.*

(Emphasis added.)

We conclude that the evident purpose of the amendment to Rule 29 was to make clear the juvenile court's authority to consider motions for delayed appeals. Victor followed the procedure set out in Rule 29(b) and thus, absent some other impediment, the juvenile court had authority to consider his request to file a delayed appeal.

One other potential obstacle may affect the juvenile court's authority to consider Victor's motion for a delayed appeal. Under the procedure approved by the supreme court prior to the 1996 amendments to the juvenile rules, a juvenile could request a delayed appeal in juvenile court only until he had been "held to answer" in adult court, a limitation imposed to assist the orderly administration of justice. *Juv. Action No. J–73355*, 110 Ariz. at 209, 516 P.2d at 582. But the rules, as amended in 1996, now require the state to file a criminal complaint with a motion to transfer a juvenile for criminal prosecution. The juvenile cannot be held to answer for an offense different than that for which the court finds probable cause at the transfer hearing, and no further preliminary hearing or grand jury indictment is permitted. *See* Ariz. R.P. Juv. Ct. 14(g), 12(a). Accordingly, under the present rules, a transferred juve-

---

**2.** Although Victor and the state agree on appeal that the juvenile court did have jurisdiction to grant or deny the delayed appeal, Judge Mundell questioned her authority to enter orders regarding Victor after his transfer to adult court.

**3.** Former Juvenile Court Rule 29(b) stated that "the time specified in Rule 25(a) for the taking of an appeal ... may not be extended." *See* 184 Ariz. LXIII (1996).

**4.** Supreme Court Rule 16(a) provided for a delayed appeal when a defendant, "without fault on his part," failed to take an appeal within the time allowed under the criminal rules. *See Juv. Action J–73355*, 110 Ariz. at 209, 516 P.2d at 582.

**5.** Juvenile Court Rules 24 through 26 govern the initiation of, record for, and time within which an appeal from a juvenile court judge's order must be taken.

nile could not possibly file a delayed appeal before being held to answer as an adult. In fact, because no time lapses between the order of transfer and the order holding the juvenile to answer, Ariz. R.P. Juv. Ct. 14(h), applying *Juvenile Action No. J–73355* effectively would preclude *all* appeals from transfer orders, even timely ones.

We are certain the supreme court did not intend that we apply the language of *Juvenile Action No. J–73355* to preclude transferred juveniles from taking an appeal, whether timely or delayed, from an order of transfer. Doing so would defeat the supreme court's expressed policy in favor of permitting delayed appeals when the juvenile, through no fault of his own, fails to take a timely appeal. *See Juv. Action No. J–73355*, 110 Ariz. at 209, 516 P.2d at 582 (delayed appeals permissible under Supreme Court Rule 16(a) to protect juveniles' substantive rights and prevent unreasoned distinction based on age).

Finally, we perceive little danger that delayed appeals from transfer orders will affect the orderly administration of justice in instances when, as is true here, the adult court has not commenced trial or entered judgment. Accordingly, we hold that the juvenile court had jurisdiction to consider Victor's request for delayed appeal of the transfer order.[6]

### III.

Victor next argues that the juvenile court erred in finding that his failure to file a timely appeal did not result from excusable error. We find no error.

Rule 29(b) allows the juvenile court to grant a delayed appeal, but it may do so only "where the failure to timely file was the result of excusable neglect." Although the juvenile rules do not define "excusable neglect," we are not without guidance in interpreting that term. Rule 60(c), Arizona Rules of Civil Procedure, applies an "excusable neglect standard" to decide whether a court should relieve a party from a final judgment. Because the purpose of Rule 60(c) is analogous to that of Rule 29(b), we will look to Rule 60(c) and decisions construing the rule.[7] *See, e.g., City of Phoenix v. Geyler*, 144 Ariz. 323, 697 P.2d 1073 (1985); *Walker v. Kendig*, 107 Ariz. 510, 489 P.2d 849 (1971); *Bateman v. McDonald*, 94 Ariz. 327, 385 P.2d 208 (1963); *Coconino Pulp & Paper Co. v. Marvin*, 83 Ariz. 117, 317 P.2d 550 (1957).

We note that the confusion about Victor's birthdate, which he sought to correct through a delayed appeal, resulted from Victor's own inconsistent statements about his age. Victor actually caused the confusion and delay about which he now complains by repeatedly lying about his age, as well as other background facts related to his identity. The juvenile court believed that Victor's "failure to assist his attorney regarding his birthdate" did not constitute excusable neglect.

We need not decide whether delay caused by the juvenile's own actions should be considered in determining whether excusable neglect occurred. Even assuming the juvenile court erroneously denied the delayed appeal, the error did not prejudice Victor. *See Pima County Severance Action No. S–2710*, 164 Ariz. 21, 24, 790 P.2d 307, 310 (App.1990) (no reversal of parental rights termination where juvenile court's failure to order social study did not prejudice parent in light of other evidence of family background). Judge Mundell expressly grounded her transfer order not only on Victor's apparent

---

6. Effective January 1, 1998, the supreme court again amended Rule 29(b). The amendment is consistent with the result we reach today.

7. The reference in Rule 29(b) to Rule 6(b), Arizona Rules of Civil Procedure, further shows that "excusable neglect" in Rule 29(b) is the same standard as that of Rule 60(c). Rule 29(b) states that requests for extensions of time for filing documents other than notices of appeal and petitions for review are governed by the provisions of Rule 6(b). Rule 6(b), like Rule 29(b), allows courts to grant a post-deadline extension request on a showing that the failure to act resulted from "excusable neglect." This court has applied Rule 60(c) caselaw to interpret Rule 6(b). *See Ellman Land Corp. v. Maricopa County*, 180 Ariz. 331, 339, 884 P.2d 217, 225 (App.1994).

proximity to age eighteen, but also on the seriousness of the charged offenses, Victor's prior history of delinquency in Nevada, and his substance abuse problem. The judge explicitly found that Victor should go to adult court "[w]hether [he is] sixteen years old or eighteen years old." The judge's comments establish that, regardless of which birthdate she accepted, her decision to transfer Victor to adult court would be unchanged.

## IV.

For the foregoing reasons, we affirm the juvenile court's order denying Victor's motion for a delayed appeal.

GRANT, P.J., and WEISBERG, J., concur.